## SCITZ *vs.* THE STATE.

1. Under an indictment for an assault with intent to murder, a special verdict finding the defendant " guilty of stricking with a loaded whip calculated to produce death, without any cause or provocation," does not authorize the rendition of a judgment of " guilty in manner and form as charged in the indictment."

Error to the Circuit Court of Tuskaloosa.

Tried before the Hon. Geo. D. Shortridge.

The plaintiff in error, John Scitz, was indicted for an assault with intent to murder one Tabitha Lookingbill. The jury returned a special verdict, finding the defendant " guilty of striking with a loaded whip calculated to produce death, without any cause or provocation;" and the court thereupon pronounced judgment of " guilty in manner and form as charged in the indictment."

The plaintiff in error now insists that the rendition of this judgment was erroneous.

E. W. Peck and Nicolson, for plaintiff in error.

Attorney General, *contra.*

GIBBONS, J.—This was an indictment against the plaintiff in error for an assault with intent to murder. On the trial, the jury found the following special verdict, to-wit: "We, the jury, find the defendant guilty of striking with a loaded whip, calculated to produce death, without any cause or provocation," and asked the court to apply the law arising thereon, and to render judgment accordingly. The court thereupon rendered judgment of "guilty in manner and form as charged in the indictment," and sentenced the defendant to the penitentiary for the term of two years. The rendering of the judgment upon the special verdict, it is here insisted, was erroneous.

In order to make out the offence for which the defendant was indicted, it is necessary to show that the assault was made under such circumstances that, if the assault had resulted in the death of the party assaulted, it would have been murder.

We are unanimous in the opinion that this verdict did not authorize the judgment which the court rendered upon it. It is materially defective, in not stating the intent with which the assault was made, or the manner of it, by which the court would be authorized to infer the intent. It is evident that not every assault made with a weapon calculated to produce death would amount to an assault with intent to murder. An assault simply with intent to frighten, maim or wound, without producing death, or for the purpose of inflicting punishment or disgrace, is equally consistent with the finding of the jury, as that it was an assault with intent to murder. In the absence of any fact appearing in the verdict by which the court is informed that the assault was such as was charged in the indictment, the court ought not to have rendered its judgment in the way it did. The only fact appearing in the verdict, tending to show the manner of the assault, was, that it was with a weapon *calculated* to *produce death.* Admitting this fact, and it by no means follows that the offence is made out; for with such a weapon a very harmless assault may be made, and one without the slightest intention of taking life.

Again: In order to make out the offence, the assault should

have been found to have been made with malice, either express or implied. This the verdict should have shown as a distinct fact, or, as a part of the court hold, such facts and circumstances should have been found as that the court must necessarily infer from them malice. This the verdict before us does not show, and is defective in this point of view also. We do not now decide whether, in any case, the court would infer malice where the special verdict did not find it as a fact. That question we do not consider as necessarily arising on the record before us, as we all agree that, in both aspects in which we have considered the verdict, it is too defective to authorize the judgment that was rendered upon it.

Let the judgment of the court below be reversed, and the cause remanded.

Let the usual order be entered, directing that the defendant be remanded to the custody of the proper officer in Tuskaloosa, there to remain until discharged by due course of law ; for which see a precedent at the conclusion of the opinion in the case of Spencer v. The State, 20 Ala. 24.