## MORGAN *vs.* THE STATE.

[INDICTMENT FOR ASSAULT WITH INTENT TO MURDER.]

1. *Charge on constituents of offense held erroneous.*—A charge to the jury, asserting that " the presenting of a pistol, loaded and cocked, within carrying distance, by one man at another, with his finger on the trigger, in an angry manner, is, of itself, an assault with intent to murder," is erroneous, because the facts stated do not necessarily raise a legal presumption of the existence of the intent to murder.

APPEAL from the Circuit Court of Pike.
Tried before the Hon. ROBT. DOUGHERTY.

THE bill of exceptions in this case, which shows the only point presented for revision in this court, is as follows:

" On the trial of this case, the State introduced as a witness Solomon B. Scrimpshire, the person on whom the alleged assault was committed, and who testified, among other things, that the prisoner came to the door of a house in which he (witness) was, and presented a loaded pistol at him, and told him, 'that if he would come out of the house he (the prisoner) would shoot him, and that if he did not come out of the house he would shoot him anyhow,'—at the same time presenting the loaded pistol at him. Another witness for the State, one Humphrey Frier, testified, among other things, that he was lying on a bed in the house, and heard the prisoner tell Scrimpshire that he would shoot him anyhow; and

that he got off the bed, took the prisoner by the arm, and led him away. There was, also, other evidence in the case. The prisoner asked the court to charge the jury, 'that they must be convinced, beyond all reasonable doubt, that the prisoner intended to shoot Scrimpshire, before they can convict the prisoner of an assault with intent to murder.' This charge the court gave, with the additional charge, 'that the presenting of a pistol, loaded and cocked, within carrying distance, by one man at another, with his finger on the trigger, in an angry manner, is, of itself, an assault with intent to murder;' to which additional charge the prisoner excepted."

PUGH & BULLOCK, for the prisoner, cited the following cases: Ogletree v. The State, 28 Ala. 693; Scitz v. The State, 23 Ala. 42; Oliver v. The State, 17 Ala. 587.

P. D. PAGE, for the Attorney-General, contra, cited Commonwealth v. York, 9 Metcalf, 93; Wills v. Noyes, 12 Pick. 324; Rex v. Dixon, 3 M. & S. 11; Regina v. St. George, 9 Car. & P. 193; 2 Stark. Ev. 905; 1 Greenleaf, 14; 3 Chitty's Criminal Law, 819; 1 Russell on Crimes, 722; Wharton's Crim. Law, 1279–84; 1 Bishop's Crim. Law, 514; Roscoe, 776; 1 Hale's P. C. 455; Foster's Crown Law, 255; 2 Raymond, 1493; 5 Yerger, 340; 1 Moody's C. C. 263; Russ. & Ry. 207.

STONE, J.—The explanatory charge given by the court in this case, cannot be supported. It ignores one of the material facts which constitute the offense for which the prisoner was on trial. The defendant was not guilty as charged, unless he committed the assault, and this act was done with a special intent to kill and murder the person assaulted. In Ogletree's case, 28 Ala. 693, we said, "The defendant is indicted, not merely for what he has effected, but for what he intended to effect; not only for his act, but for the intent with which he did that act."

The facts of this case were proper for the consideration of the jury; and it was competent for that body in its deliberations, "to act upon those presumptions which are

recognized by law, so far as they are applicable, and their own judgment and experience, as applied to all the circumstances in evidence." It does not, however, result as a conclusive presumption of law, from the facts supposed in the charge, that the accused had the intent to take the life of Scrimpshire. The surrounding circumstances should have been considered by the jury; and unless the jury were convinced that the prisoner entertained the particular intent to take the life of his adversary, then the prisoner could not be convicted of the higher crime. This particular intent reaches beyond the act done, and is a fact to be found preliminary to conviction, as necessary as the other fact itself, viz., that the *assault* was committed. In other words, while the law permits and commands juries to indulge all reasonable inferences from the facts in proof, it does not, *proprio vigore*, infer the one fact from the other.—See 1 Bish. Crim. Law, § 251.

In Miller v. The People, 5 Barbour's Sup. Ct. 203, the defendants were indicted for exposing their bodies to other persons, "intending the morals of divers good and worthy citizens to debauch and corrupt." The evidence tended to prove the exposure of the defendants' persons. The recorder, in charging the jury, said, "The evidence was positive as to the offense charged having been committed; * * that as to the intent, the acts showed the intent; and if they were proved, that was all that was necessary." The supreme court, in considering that charge, said: "It is a general principle of evidence, that a man shall be taken to intend that which he does, or which is the immediate and natural consequence of his act. But when an act, in itself indifferent, becomes criminal if it be done with a particular intent, then the intent must be alleged and proved. The intent in the present case was a material ingredient in the offense, and was a question of fact, under all the circumstances, for the consideration of the jury. * * * The charge withdrew this from the consideration of the jury as a question of fact." The judgment was reversed on the recorder's charge to the jury.

In the case of Scitz v. The State, 23 Ala. 42, a question

very similar to the one under discussion was considered. The jury returned a special verdict, finding the defendant "guilty of striking with a loaded whip, calculated to produce death, without any cause or provocation." On this verdict the court pronounced the defendant "guilty in manner and form as charged in the indictment." This court said, "An assault simply with intent to frighten, maim or wound, without producing death, or for the purpose of inflicting punishment or disgrace, is equally consistent with the finding of the jury, as that it was an assault with intent to murder."

So, in this case, an assault with intent to frighten, maim or wound, is consistent with every fact supposed in the charge to the jury. That body could alone judge of the intent, and the court erred in withdrawing that inquiry from their consideration.

Judgment of the circuit court reversed, and cause remanded. Let the prisoner remain in custody, until discharged by due course of law.