## MOONEY *vs.* THE STATE.

[INDICTMENT FOR ASSAULT WITH INTENT TO MURDER.]

1. *Intent as affected by drunkenness.*—Although drunkenness is no excuse for a crime, it may produce a state of mind which would render a party incapable of forming or entertaining the intention which is a material ingredient of the statutory offense of an assault with intent to murder.

2. *Prior assault as defense.*—A prior assault on the prisoner, by the person whom he is alleged to have assaulted, is not necessarily a defense, since the injury inflicted by the prisoner may not have been justified by the necessity of the case, nor proportioned to the injury inflicted on him.

3. *Conviction of less offense than charged in the indictment.*—Under an indictment for an assault with intent to murder, the failure of the prosecution to prove the special intent charged does not necessarily entitle the defendant to an acquittal, since he may nevertheless be convicted of a simple assault and battery.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. ROBERT DOUGHERTY.

THE prisoner in this case, Hawk Mooney, was indicted for an assault on one Isaiah M. Owens, with intent to murder him; pleaded not guilty; was convicted and sentenced to five years imprisonment in the penitentiary. " On the trial," as the bill of exceptions states, "the State proved, that Jeremiah Owens, upon whom the assault was alleged to have been committed, passed along where the prisoner, a youth, was crying, and asked him what was the matter; that the prisoner replied, one —— had imposed on him; that said Owens, gently taking

hold of the prisoner, said he would see about it; and that the prisoner thereupon struck him with a knife, inflicting a severe wound upon the chin. It was proved, also, that the prisoner had been drinking, and was very intoxicated at the time said act was done; but that he had once afterwards declared that he had intended to kill said Owens, and expressed regret that he had not succeeded in doing so. It was in evidence, also, that said Owens and the prisoner never had any previous difficulty or bad feelings between them. Upon this state of facts, the prisoner's counsel asked the court to instruct the jury as follows:

"1. That if they believed from the evidence that the defendant, at the time of the commission of the act, was too drunk to form a design to take the life of Owens, then they could not find him guilty of an assault with intent to murder.

"2. That if they believe from the evidence that Owens first assaulted the defendant, by laying hands upon him, then the defendant had the right to repel the assault, and cannot be convicted of an assault on Owens.

"3. That before the defendant can be convicted of an assault with intent to murder, the jury must be satisfied, beyond all reasonable doubt, that he intended to take life; and if they believe from the evidence that he was too much intoxicated at the time to have entertained any such intention, they must find him not guilty."

The court refused each of these charges, and the defendant excepted.

Pugh & Bullock, for the prisoner.

M. A. Baldwin, Attorney-General, contra.

A. J. WALKER, C. J.—The specific intent to commit murder is an essential ingredient of the crime of an assault with intent to commit murder. To a conviction of that crime it is indispensable that the existence of such intent should be proved.—Ogletree v. The State, 28 Ala. 693; Scitz v. The State, 23 Ala. 42. Drunkenness certainly does not excuse or palliate any offense. But it

may produce a state of mind, in which the accused would be totally incapable of entertaining or forming the positive and particular intent requisite to make out the offense. In such a case, the accused is entitled to an acquittal of the felony, not because of his drunkenness, but because he was in a state of mind, resulting from drunkenness, which affords a negation of one of the facts necessary to his conviction.—Amer. Criminal Law, § 41; Wharton's Law of Homicide, 368; 14 Ohio, 555; Swan v. The State, 4 Humph. R. 136; Pertle v. The State, 9 Humph. 663; Pennsylvania v. McFall, Addison, 255; 1 Baldwin, 514; Haile v. The State, 11 Humph. 154.

The decision in Bullock v. The State, 13 Ala. 413, was made without detecting the error in the printing of the statute by substituting "attempt" for "intent." That error was not exposed, nor the true reading of the statute declared, until the State v. Marshall, 14 Ala. 411, was decided. The reasoning and authorities adduced by the court in the State v. Bullock sustain the conclusion which we have expressed.

The court erred in the refusal to give the first charge asked.

[2.] The court committed no error in the refusal of the second charge, because it made a previous assault upon the accused a complete defense, notwithstanding the injury inflicted by the prisoner was out of all proportion to the injury inflicted on him, and not called for by the necessities of the occasion.—Wharton's Am. Crim. Law, 1253, 1258.

[3.] The third charge was also properly refused. The absence of an intent to murder did not, of itself, entitle the accused to a verdict of not guilty. Notwithstanding the jury might have found there was no such intention, he might have been guilty of an assault and battery, and been convicted of it.

The judgment of the circuit court is reversed, and the cause remanded; and the prisoner must remain in custody, until discharged by due course of law.