[Henderson v. The State.]

# Henderson *v*. The State.

*Playing Cards at a Public Place.*

1. *The words "device" and "substitute" have different meanings.*—The words "device" and "substitute," used in section 4207 of the Code, do not have the same meaning; hence a charge directing the acquittal of the defendant on trial, unless the jury were satisfied he played with the means specified in the statute only, is properly refused.

2. *A point near a public road is a public place.*—A place in the bushes on the edge of an old field in the corporate limits of a town, about forty yards from a public road, and near and in view of a path used by children going to school, and other persons, is a public place within the meaning of the statute against gaming.

3. *The fact of gaming must be ascertained by the jury.*—When it is proven that the defendant and his companions, holding cards in their hands, were sitting on the ground at a place where they had frequently played cards, it is for the jury to determine from the facts whether or not the defendant was playing.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. JOHN K. HENRY.

The defendant was indicted for playing cards at a public place in the county of Escambia, and pleaded not guilty.

The proof showed that during the winter of 1876–7, the defendant was frequently seen playing cards in the woods, near a path which "led from the town of Brewton to Burnt Corn creek, and to a neighborhood across the creek." The path was "used by children going to school," as well as by other persons. The place where the playing occurred was in full view of persons passing along the path, and was not more than forty or fifty yards from the public road. He and his companions, holding cards in their hands, were seated on the ground in the edge of an old field, and were visible both from the path and the public road.

The defendant asked the following charges, which were in writing:

"That unless the evidence shows beyond a reasonable doubt that the defendant played at cards, or dice, or some device for cards, or dice, he cannot be convicted.

2. "A game with cards would not be complete, if the evidence shows that the parties were merely handling the cards; and when this is all that the evidence shows was done, it devolves upon the State to show that a game was

[Henderson v. The State.]

played, and the jury can not infer that they did play at such game, in absence of testimony to that effect.

3. "The statute denounces the playing at a game with cards at an out-house, where the people resort, but it does not denounce the playing at a game with cards at an out-place other than a house, if not within itself a public place, although it may be a place to which people sometimes resort.

4. "Although the plank-walk and place resorted to for the purpose of answering the calls of nature testified about in the case is a public place, yet the jury must be satisfied beyond a reasonable doubt, from all the evidence in the case, that the playing, if they believe there was a playing of cards by the defendant, was in view of this place, and could be seen by persons who resorted to this place, so made public by being resorted to.

5. "That the fact that the defendant was seen by one or two persons, playing cards in the woods, does not constitute the place of playing a public place."

Each of the foregoing charges was refused by the court; and to each refusal the defendant separately excepted.

In giving a charge asked by the defendant relative to the publicity of the place, the court said: "I give you the charge, gentlemen, but say to you in explanation, that if the people of the town were in the habit of travelling along the path or visiting the place designated as referred to, then this would be an appropriation of it by the town, and it became a public place by the people thus resorting to it, or if it was in full view of the public road, then to play at cards there would be a violation of law."

To this explanatory charge, the defendant excepted.

JAS. M. WHITEHEAD, for appellant.

JOHN W. A. SANFORD, Attorney-General, *contra*.

MANNING, J.—The indictment in this cause, charged defendant with playing "at a game with cards or dice, or some device or substitute for cards or dice, at a tavern, . . . . or in a public house, highway, or some other public place," &c. And after the evidence was introduced and the jury had been charged by the judge, defendant asked the court to instruct them, "that unless the evidence shows beyond a reasonable doubt, that the defendant played at a game with cards or dice, or some device for cards or dice, he can not be convicted."

The indictment says, " with cards or dice, or some device *or substitute* for cards or dice ;" and this is according to the statute. In compiling the Code, brevity was consulted ; and it is not to be presumed that any words not needed to express the intention of the law-makers are used in its sections. They did not, it appears, consider the words " device," and " substitute " as meaning the same thing ; though in the section under consideration (section 4207 (3620) of the Code of 1876), they both seem to have very nearly the same signification.

A " device " is defined to be, " that which is devised or formed by design, a contrivance, an invention."—*Webster*. A substitute is that which is put in the place of another thing, or used instead of something else. As used in the statute, *device* seems to have a somewhat more narrow meaning than *substitute*. The latter word would embrace whatever might be used in place of cards or dice, whether designed or invented for that purpose, or not. Supposing the legislature considered that there was some such distinction between the things the two words were meant to express, we feel obliged to hold that the court did not err in refusing to give a charge from which one of them was excluded.

The second charge asked and refused was properly refused. The court by giving it would have invaded the province of the jury. It was for them to determine whether persons handling cards as defendant was represented as doing in company with others, was playing at a game with cards or not.

The place described by the testimony as that in which the playing was done, if the jury believed the evidence concerning it, was certainly a " public place," within the meaning of the statute : and charges three, four and five, that were asked and refused, could have had no other effect than to confuse the jury or mislead them. There was, therefore, no error in refusing to give them. Nor was there any error in giving the explanatory or additional charge, to which defendant excepted.

Let the judgment be affirmed.