91　23
136　32

# Franklin v. The State.

## Indictment for Gaming.

1. *Evidence identifying playing.*—On a prosecution for playing cards near a public road, a witness having testified that he was present and saw the defendant, with others, play a game with cards at a particular place in the woods, seventy-five yards or more from a public road; and another witness, that while passing along the road, on the same afternoon, he saw several persons sitting and standing around the place, and saw that they were playing cards, but could not recognize any of them; the evidence is properly submitted to the jury, and the identity of the playing and players is a question for them to determine.

2. *Playing cards " in a highway."*—A conviction may be had for playing cards "in a highway" (Code, § 4052), on proof of a playing so near to a public road that persons passing could and did see it, though they could not recognize the players.

FROM the Circuit Court of Covington.

Tried before the Hon. JOHN P. HUBBARD.

The indictment in this case charged,. in the first count, that the defendant played at a game with cards, &c., at a tavern, " or in a public highway, or some other public place ;" and in the second count, that he bet at a game so played. On the trial, the State introduced one Cassady as a witness, who testified that, "during the year 1889, five or six months before he went before the grand jury that found the indictment, he was at Loango, a post-office in said county, for the trial of a cause in a justice's court; that he went down into the woods in the evening, about two hundred yards from the post-office, on a

[Franklin v. The State.]

branch, and there saw the defendant and three other men seated on the ground, with a coat spread out on the ground between them, with cards in their hands, and some grains of coffee lying on it in different places; that they were distributing the cards, and he stood and looked on about ten minutes; that they were about seventy-five or one hundred yards from the public road leading from Loango to Evergreen, and on the east side of the road, and could not be seen from the post-office." The State also introduced A. W. Deens as a witness, "who testified," quoting literally from the bill of exceptions, "that he was at Loango on the same day—testified about as Cassady that he was present and passed along the public road from Loango to Evergreen on horse-back; that about two hundred yards from the post-office, and seventy-five or one hundred yards from the road, on the east side, he saw some persons seated on the ground, and others standing around, near the edge of the branch, but did not know who they were, and could not see what they were doing; and that it was in the afternoon of the day." The defendant objected to the admission of this testimony, "because the parties were not identified, nor the time and place, as those testified to by the witness Cassady." The bill of exceptions then adds: "The State then introduced evidence tending to identify the time and place with that testified to by said Cassady; whereupon the court overruled the motion, and the defendant excepted." An exception was also reserved by the defendant to the refusal of a charge asked, which is copied in the opinion of the court.

J. M. WHITEHEAD, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—Whether the defendant and others, who played cards on a certain afternoon, about two hundred yards from the post-office at Loango, and seventy-five or one hundred yards east of the Evergreen road, in the presence of the witness Cassady, were the persons seen by the witness Deens from that highway that afternoon, seated on the ground, while other persons were standing around—the distances and directions being the same—was a question for the determination of the jury, the evidence of these and other witnesses tending, as the bill of exceptions shows, to identify the time and place testified to by Deens with that spoken of by Cassady; and it is very manifest that the court properly submitted all this evidence to the jury.

The only other exception reserved goes to the action of the

[O'Brien v. The State.]

court in refusing to give the following charge, requested by the defendant : " It is a violation of the law to play at a game of cards or dice in a public road. To be in a public road, within the meaning of this law, the parties playing at such game must be in the road, or so near to it as to be seen and recognized by persons passing along the road, and near enough for such persons to see that they are engaged in playing cards or dice."

One fault of this instruction, sufficient in itself to justify the ruling of the trial court upon it, is the proposition which it contains, that to constitute a playing in a highway, within the meaning of the statute, " the parties playing at such game must be in the road, or so near to it as to be seen *and recognized* by persons passing along the road." The tendency of this was necessarily to mislead the jury. Whether the players were *recognized* or not, is wholly immaterial. It might well be that they were too far from the road to be personally recognized by their acquaintances passing along the highway, and yet sufficiently near for travellers to see that they were engaged in a game of cards ; and we understand the law to be, that any playing with cards, &c., in, or sufficiently near a highway, for the playing to be seen therefrom, is within the statute. *Smith v. State*, 23 Ala. 39 ; *Henderson v. State*, 59 Ala. 89.

The judgment of the Circuit Court is affirmed.