# Davis *v.* The State.

## *Gaming.*

(Decided June 14, 1906.  41 So. Rep. 404.)

*Gaming; Offense; Public Place; What Constitutes.*—Any playing with cards or dice in or sufficiently near a public highway for the playing to be seen therefrom is within the statute. Playing done which might be seen by a careful observer from the highway, although a casual observer might not see it, is sufficient to constitute the offense.

APPEAL from Dale Circuit Court.

Heard before Hon. A. A. EVANS.

This was a charge of betting or playing a game of cards in . a public place. The defendant requested the following written charges, which were refused by the court: "(1) The jury must not convict because the defendant could be seen from the road. The card playing and betting must be seen to constitute the offense, and if the defendant, in betting at cards, could not be seen on an ordinary observation from the public road, then they must find for the defendant. (2) The playing and betting at cards must have been of such character and under such circumstances as to be seen on ordinary observation from the public road before the jury can convict the defendant. (3) The jury must believe beyond a reasonable doubt that the defendant was betting and, that the defendant could be seen playing at cards on reasonable observation from the public road."

H. L. MARTIN, for appellant.—The facts did not make out a case denounced by the statute and charges 1 and 2, as well as charge 3 should have been given.—*Smith v. State,* 23 Ala. 42; *Franklin v. State,* 91 Ala. 23.

MASSEY WILSON, Attorney General, for State.—(No brief came to the Reporter.)

TYSON, J.—The testimony on behalf of the state tended to show that defendant, with others, bet on a

[Bradford v. The State.]

game played with cards in the daytime within 15 steps of a public road, and that they could be and were seen by the witnesses, while in the public road, who testified to these facts. The testimony in behalf of defendant tended to show that he, and those with him, were not playing any game, that there was no betting, and that, if they had been playing, it could not have been seen from the public road.

One of the essential elements of the offense necessary to be established to the satisfaction of the jury by that degree of proof required in criminal cases, it is apparent, is whether the place as testified to by the state's witnesses was a public one. The charges refused to defendant proceed upon the theory that it was not, if the game and betting on it could not be seen by ordinary observation from the public road. In other words, although the game and betting may have been seen by a careful observer traveling along the road, and not seen by one less observant, the place would not be a public one. We do not think this is the law. The rule is that any playing with cards, etc., in or sufficiently near a highway for the playing to be seen therefrom, is within the statute.—*Franklin v. State,* 91 Ala. 23, 8 South. 678, and cases there cited.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.