# Kelly v. The State.

### Assault With Intent to Murder.

(Decided May 13, 1913.　68 South. 675.)

1. *Assault With Intent to Kill; Intent; Instruction.*—Intent being a necessary ingredient of the offense of assault with intent to murder, it is error to refuse a charge that defendant was not guilty if he fired only with the intention to frighten the person assaulted, there being some evidence of that fact.

2. *Charge of Court; Instruction.*—A charge asserting that if there are two constructions which can be placed on the evidence, one favorable and the other unfavorable, the jury should accept that which is favorable to defendant, although in so doing they should acquit him, is properly refused.

APPEAL from Chambers Circuit Court.

Heard before Hon. S. L. BREWER.

Alex Kelly was convicted of assault with intent to murder, and he appeals. Reversed and remanded.

The following charges were refused to defendant: (1) If you believe from all the evidence in this case that defendant fired the shot to scare Eugene Robinson, and not with the intent to. take his life, then you cannot convict defendant of assault with intent to murder as charged in the indictment.

(2) If there are two constructions you can place upon the evidence, one favorable and the other unfavorable, you should accept that which is favorable to defendant, though in so doing you have to acquit him.

R. J. HOOTEN, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCH-ELL, Assistant Attorney General, for the State.

PELHAM, J.—(1) The defendant was indicted for an assault with intent to murder one Eugene Robinson,

and written charge No. 1 requested by the defendant, as referred to the evidence, is a good charge, and its refusal is error that requires a reversal of the judgment. There was one phase of the evidence brought out by the defendant on cross-examination of one or more of the state's witnesses having a tendency to show that the shot fired by the defendant was not with the intent to take the life of Robinson, or to hit him, but only for the purpose of frightening, or "to scare" him and "make him run;" and the defendant was entitled to have this matter or phase of the evidence, properly hypothesized, given in charge to the jury as not constituting guilt of the crime charged— i. e., assault with intent to murder. The intent to commit murder is a necessary ingredient of the offense of assault with intent to murder, although it is not a necessary element of murder in the second degree.—*Morgan v. State,* 33 Ala. 413; *Walls v. State,* 90 Ala. 618, 8 South. 680. In the latter case, it is said by the court, speaking through Justice (afterward Chief Justice) McClellan: "We do not understand that it has ever been the purpose of this court to hold that an intention on the part of the person making the assault to take life is not a necessary factor in the offense denounced by the statute [assault with intent to murder]. * * * Instructions, therefore, requested by a defendant, which require an acquittal of the felony, unless the jury find from all the evidence in the case that he intended to take the life of the person alleged to have been assaulted, should always be given."

(2) Charge No. 2 is patently bad and has often been condemned.

Other matters complained of, or shown by an examination of the record, either do not constitute reversible error, or are not presented so as to raise the question

[Banks v. The State.]

argued and insisted upon, and require no discussion; but, for the error pointed out in refusing written charge No. 1 requested by the defendant, the judgment of conviction must be reversed.

Reversed and remanded.