74 So.2d 453

### W. C. SANDERFORD et al.

v.

### STATE of Alabama ex rel. William R. LAUTEN, Solicitor.

1 Div. 545.

Supreme Court of Alabama.

Aug. 30, 1954.

Bart B. Chamberlain, Jr., Mobile, for appellants.

Si Garrett, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for appellee.

SIMPSON, Justice.

This is an appeal from an interlocutory decree granting a temporary injunction restraining appellants from gaming or permitting gaming to be carried on in a certain storehouse in Baldwin County, known as the Bay Sport Shop.

The bill was filed by the State of Alabama on relation of William R. Lauten as solicitor of the Twenty-eighth Judicial Circuit under the provisions of Article 5, Chapter 46, Title 14, sections 293–302, Code of 1940, which authorize gaming, etc., places to be abated as public nuisances.

The pertinent provision of the gaming statute is found in section 263, Title 14, Code, which makes it a crime for any person to "play at any game with cards * * * in any public house".

The question for review is, therefore, was the evidence sufficient prima facie to show that the playing was being carried on at the time and place alleged and, if so, was the place "a public house". On a hearing ore tenus before the trial court both questions were resolved in the affirmative, and we entertain the view that there was sufficient evidence, prima facie, to justify the stated conclusion.

The Bay Sport Shop was a place of business located in a quonset hut where sporting goods, such as fishing tackle, were sold. The building was located about two hundred feet south of Highway 90 on the Mobile Bridge Causeway in Baldwin County. The front room of the building was used as the storeroom for storing and selling the merchandise, and the back room, where the game was taking place, adjoined this storeroom, being separated only by an intervening bathroom with two doors. This back room was equipped with a desk, some chairs, a sofa and table with felt top resembling a pool table. The building was under the control of appellant Kahalley. It was here the State's witness saw some of the appellants and others playing cards about 11 p. m. The front room of the building was in darkness, but the back room was lighted and only visible from the outside by a small crack in a painted window pane. There was a group of about seven men around the table with bills (U. S. currency) in their hands; cards were on the table in front of them and money was also on the table. The foregoing evidence justified the conclusion of the trial court that the game had actually been entered upon and that the parties were playing, indeed gambling with cards. Ward v. State, 37 Ala. 158; Henderson v. State, 59 Ala. 89.

The evidence also made out a prima facie case that the back room of the Bay Sport Shop, where the game was taking place, was a part of a "public house" within the proscription of the statute, supra, against "playing at a game with cards". Both rooms were under the control of the same person and were prima facie an entirety, the front room being clearly within the prohibition of the statute, and the back room prima facie within the prohibition. Huffman v. State, 29 Ala. 40, and cases cited; Arnold v. State, 29 Ala. 46; Loyd v. State, 39 Ala. 678; Foster v. State, 84 Ala. 451, 4 So. 833, 834.

The pertinent rule is thus stated in the Foster case, supra:

"It has been uniformly held in this state, where a house is public, as a store, and a * * * room in the same building is under the control of the proprietor of the building, the room, though used for private purposes, is prima facie within the prohibition of the statute as to playing at a public house, 'unless it affirmatively appears that it is not used as an appendage to the store, nor in the prosecution of its business, nor in connection with the store for the mere convenience or accommodation of the owner, his employes or his customers, but it is occupied for some justifiable private purpose entirely disconnected from the business of the store, or the convenience of its customers.' Brown v. State, 27 Ala. 47; Huffman v. State, 29 Ala. 40; Arnold v. State, 29 Ala. 46."

The defendants did not testify. There was no countervailing evidence to overturn the prima facie case made by the State, and hence the decree was proper.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and CLAYTON, JJ., concur.