### THE STATE v. PHIL.

1. A prisoner indicted for a felony, found guilty, and judgement arrested, is liable to a second indictment.
2. If not tried at or before the second stated term of the Court, and the delay is not on his application or with his consent, he must be discharged, although the trial has been prevented by the unavoidable adjournment of the Court.

AT the March term 1825, of the Circuit Court of Tuscaloosa county, Phil, a slave, was indicted and found guilty of an assault, with an intent to commit a rape. The judgement was arrested. At October term, 1825, an indictment for the same offence, charging the assault to have been on a free white woman, was returned a true bill. The venue was changed to the Circuit Court of Bibb county, in which Court, at November term, 1825, the prisoner plead a former acquittal; and secondly, a former conviction for the same offence; and both these pleas, on the demurrer of the attorney general, were overruled.

The prisoner thereupon plead not guilty.

On the appearance of the jurors summoned for the trial of the prisoner, from the objections shewn to the Court, and the challenges made, so many were set aside that a sufficient jury was not left. The sheriff was ordered to return tales sufficient to complete the jury, and afterwards made his return that a sufficient number of jurors to try the prisoner could not be obtained at that term.

At April term, 1826, on the second day of the term, and prior to that appointed for the trial of the prisoner, the presiding judge was informed of the alarming illness of his family, and gave intimation that the Court would in a short time adjourn.   The counsel for the prisoner moved for his discharge; the solicitor resisted the motion, and declared that, but for the adjournment of the Court, he should be ready on the part of the State, to proceed with the trial on the day which had been appointed, and to which the jury had been summoned.   The Circuit Court refused to discharge the prisoner, but referred to the Supreme Court as novel and difficult, the points arising on this motion.   At November term, 1826, of the Circuit Court of Bibb county, the prisoner was found guilty and sentence of death passed on him.

SHORTRIDGE and ELLIS, for the prisoner.

PERKINS, Attorney General, for the State.

JUDGE GAYLE delivered the opinion of the Court.

THE questions presented for the consideration of this Court are:  Was the first trial a bar to the second indictment, and should the prisoner have been discharged at the second stated term of the Court, the trial not having been delayed at his instance.

As to the first question, the indictment was held not to contain such a charge as would authorize any punishment to be inflicted.   It was adjudged ill on the application and for the benefit of the prisoner, and he cannot now say that the judgement was arrested contrary to law.   The second indictment and prosecution infringes no legal or constitutional right.

As to the second question, the 6th section of the act of 1807, [a] provides "that if any person shall be committed for treason or felony, and shall not be indicted and tried at or before the next stated term of the Court where the offence is properly cognizable, it shall be lawful for the said Court, upon the last day of the term, to set at liberty such prisoner upon bail, unless, &c.; and if such prisoner shall not be indicted at the second stated term after his or her commitment, unless the delay happen on the application or with the assent of the defendant, he or she shall be discharged from imprisonment."  The Legislature have fixed the limit of imprisonment when there is no delay of trial at the instance of the pris-

[a] Laws Ala. 662.

oner, and in language unambiguous and imperative, have

declared that unless the delay happen on application or with the assent of the defendant, he shall be discharged from imprisonment.    There is no room for construction, and the Court are not at liberty to derive any aid from considering what might be the views of the Legislature. We are therefore of opinion, that the prisoner Phil ought to have been discharged, that the judgement of the Circuit Court be reversed for this error, and that the prisoner be discharged.

JUDGE CRENSHAW not sitting.

