## DAVIS *v.* THE STATE.

Where the Court adjourns for the day, till the next morning, with a notice that it will appear in the Court house, in the intermediate time, on the ringing of the bell, to receive the verdict of a jury who may be out, and does so appear and receive it, the proceeding is regular.

APPEAL from the *Marshall* Court of Common Pleas.

WORDEN, J.—Information against the appellant for forcible entry and detainer. Motion to quash the information overruled. Trial, conviction, and judgment.

Several errors are assigned; but we find no brief in the case on behalf of the appellant. We see no defect in the information. The errors assigned, except that in relation to the information, raise but one question, which grows out of the following state of facts, as shown by a bill of exceptions:

The cause having been heard by the jury, the Court directed them that if they should agree upon a verdict be-

fore nine o'clock at night of the same day, they should
return into Court with their verdict; but if they should
not agree by that time, they should seal up their verdict,
and put it into the hands of their bailiff, who would de-
liver it to the Court the next day.  To this the appellant
objected, stating that he wished the verdict returned into
open Court; and thereupon the Court directed the jury to
cause the bailiff to ring the court-house bell whenever
they should have agreed upon a verdict, and informed
them that upon the ringing of the bell, the judge would
appear in Court, and receive their verdict.  The Court
then adjourned until nine o'clock next morning.  About
seven o'clock the next morning, the jury having agreed,
the Court house bell was rung, and the judge repaired to
the Court room and received the verdict in the absence of
the appellant, who was not called, nor was his counsel.

May Term,<br>1860.<br><br>DAVIS<br>v.<br>THE STATE.

These proceedings, it seems to us, were sufficiently regu-
lar.  The appellant and his counsel were abundantly noti-
fied that upon the ringing of the bell, the verdict of the
jury would be received in Court; and we think the Court
had a right to thus receive it, although the hour had not
arrived to which the Court stood adjourned.  The adjourn-
ment of the Court generally until the next morning at nine
o'clock, did not deprive it of the authority to receive the
verdict before that time.  Although there was a general
adjournment until nine o'clock the next morning, yet for
the purpose of receiving the verdict whenever the jury
should agree, we think the Court continued open, and of
this the appellant was fully advised by the order given by
the Court to the jury.

This case differs materially from *Rosser* v. *McColly*, 9
Ind. R. 587.  There the verdict was received by the judge
at his private residence.  Here it was regularly returned
into open Court, and the proceedings were entirely regular
in every respect, except that the hour had not arrived to
which the Court had adjourned.  Although there was a
general adjournment until nine o'clock the next morning,
we think, under the circumstances, the appellant was re-
quired to take notice of the agreement of the jury, and to

*May Term,*
*1860.*

be in Court to exercise his right of polling the jury, or taking any other step he might desire, upon the rendition of the verdict.

The verdict seems to be sufficiently sustained by the evidence.

*Per Curiam.*—The judgment is affirmed with costs.

*C. H. Reeves* and —— *Brady,* for the appellant.

*J. E. McDonald,* Attorney General, and *A. L. Roache,* for the state.