## STATE OF LOUISIANA *v.* WIDOW H. WALTERS.

The prescription of one year from the finding of the Grand Jury, governs all criminal cases, except murder, robbery, arson, forgery, and counterfeiting.

It is the duty of the State to contradict the plea of prescription ; not of the party setting it up.

Time is an essential averment in an indictment ; but it was sufficient for conviction to show that the fact charged had taken place at any other time, whether *before* or *after* the day laid, so that it be *before* the time when the indictment or appeal was preferred : *provided* the *charge* had been preferred in due time.

A formal conviction or acquittal will bar a subsequent prosecution. But the acquittal or conviction must be a legal one—upon trial by verdict of a petit jury. The verdict must be a valid one, not subject to be set aside. If the court award a new trial upon quashing the verdict, whether at the instance of the prisoner, or, in special application, on the application of the prosecution, it is evident, in the eye of the law, the accused has not been in jeopardy.

APPEAL from the District Court of St. John the Baptist, *Berault,* J.

*E. Filleul,* for appellant. *T. J. Semmes,* Attorney General, for the State.

VOORHIES, J. I. The defendant being prosecuted for the offence of selling liquors to slaves, pleaded the prescription of six months.

This plea is unfounded; for the defendant is prosecuted for a criminal offence, and not sued for the recovery of a fine or forfeiture. The prescription of one year governs this prosecution. Acts 1855, p. 151, § 10; *State v. Hollin,* 12 An. 677; *State v. White,* 13 An. 573; *State v. Markham,* 15 An. 498.

II. The District Judge charged the jury: "That the *onus probandi* of the facts necessary to sustain a plea of prescription, was in the party setting up the plea of prescription." The defendant's counsel contended

that it was for the State to prove that the offence had been committed within the period fixed by the statute of limitation.

This objection was well taken; and, having been overruled by the inferior court, entitles the prisoner to a new trial.

The law, as it formerly stood, required in all indictments a specific averment as to the time of the commission of the offence; and, although the State was not held to prove that the crime had been committed on the very day charged, yet it was indispensable to establish that it had been committed within the statute of limitations. Time was an essential averment in an indictment; but it was sufficient for a conviction to show that the fact charged had taken place " at any other time, whether *before* or *after* the day laid, so that it be *before* the time when the indictment or appeal was preferred." MacNally Ev. p. 496. But notwithstanding the latitude given as to the proof of the time, it was not the less incumbent on the prosecution to give evidence that, in point of fact, the charge had been preferred in due time. *State* v. *Foster*, 7 An. 255; *State* v. *Markham*, 15 An. 498; Archibald's Cr. P. p. 95.

The practice has been greatly modified, as respects the allegation of time in indictments. The provisions of the Act of 1855 (to regulate the mode of procedure in criminal prosecutions, p. 175, § 17) are sweeping; no time need be alleged in an indictment for the commission of an offence; nor, if alleged, need be correctly stated,—the clause relative to time, considered as of the essence of the offence, notwithstanding.

But this statute did not introduce any change as to the requirement of proof in this respect.

III. It is necessary to dispose of the prisoner's plea in bar of a former conviction. She had been tried upon the same indictment; and the jury had rendered a verdict of guilt against her in the French language. On appeal this Court decided that, under article 100 of the Constitution, the verdict should have been recorded in the English language, under pain of absolute nullity. 15 An. 648. The cause was remanded for a new trial; and, in the court below, the plea of *autrefois convict* was filed on behalf of the prisoner.

It is a principle of the common law, that no man is to be brought into jeopardy more than once for the same offence; hence a former conviction or acquittal will bar a subsequent prosecution. But the acquittal or conviction must be a legal one, upon trial by verdict of a petit jury. There must be a legal acquittal or conviction by verdict, *i. e.*, the verdict must be a valid one, not subject to be set aside. If the court awards a new trial upon quashing the verdict, whether at the instance of the prisoner, or, in special cases, on the application of the prosecution, it is evident that, in the eye of the law, the accused has not been in jeopardy. The contrary opinion is illogical; and, were it to prevail, would entirely do away with new trials. *State* v. *Hornsby*, 8 R. 583. The verdict must be such a one as the court may act upon, and the conviction susceptible of being followed by sentence. *State* v. *Ritchie*, 3 An. 715.

It is therefore ordered and decreed, that the judgment of the District

Court be avoided and reversed; that the verdict of the jury be set aside; and that this cause be remanded for a new trial.