R. D. & Thomas Baker, Plaintiffs in Error, vs. A. L. & B. Chatfield, Defendants in Error.

1. The absence from the appeal transcript of a copy of the order allowing time for settling a bill of exceptions is not evidence that such an order was not made and entered in the minutes of the Circuit Court. A statement in the bill of exceptions that such an order has been made is, in the absence of affirmative and clear proof to the contrary, sufficient evidence of the making and entry of such order.

2. Though it is the duty of the Circuit Judge when trying a civil case, other than an appeal from a Justice of the Peace, to charge the jury in writing, yet should he improperly charge orally, no advantage can be taken of the error, unless an exception has been duly taken to the charge as oral at the time it was delivered.

3. It is not error but proper for a Circuit Judge to refuse to either direct that a plaintiff take a non-suit, or to instruct a jury that he has not proved certain facts which may be material to his case.

4. When the record does not show affirmatively that a Circuit Judge has erred, every necessary presumption is to be made in favor of the correctness of his rulings.

5. It is error for a Circuit Judge to charge a jury otherwise than upon the law of the case. To charge that a patent and act of Congress to the plaintiffs' grantor, and the deed from such grantor to the plaintiffs, show a fee simple title in them, and that if the jury find for the plaintiffs they should say that the plaintiffs have a fee simple title; and that the homestead title and final certificate made to a person from whom defendants claim, were cancelled by the United States land officers in 1876, and that no title after this cancellation existed in him ; and that the statutes of limitation could not run in favor of any person until January, A. D. 1879, "when the statute and patent were made to" plaintiffs' grantor, is improper, as it is upon the evidence and facts of the case.

6. A charge which is objectionable for being upon the evidence, cannot be held to be unprejudicial to the party objecting to it, where the bill of exceptions does not contain all the material evidence adduced on the trial.

7. Where the objection to several instructions given to a jury is general, and either instruction is correct, the objection should be overruled, but where instructions containing several propositions of law are requested it is not error for the Judge to refuse to give the whole if they contain a single erroneous proposition.

Writ of Error to the Circuit Court for Putnam county.

The facts of the case are stated in the opinion.

*B. F. Roberts* for Plaintiffs in Error.

*Calhoun, Davis & Gillis* for Defendants in Error.

Mr. Justice RANEY delivered the opinion of the court:

I. It is urged by counsel for defendants in error that the bill of exceptions should not be considered: 1st, because " it does not purport to be " such, and because no evidence appears from any transcript of the minutes that thirty days were allowed to settle a bill of exceptions.

There is in the transcript before us a bill of exceptions, signed and sealed by the Circuit Judge, and specifying certain papers introduced in evidence and stating oral testimony given on the trial, the charge of the judge to the jury and the exception thereto, and bearing other earmarks which conclusively show it was intended as nothing else.

The fact that there are in the transcript copies of a patent and of deeds or other papers which we can not consider, because they have not been incorporated into this bill of exceptions, makes the latter none the less a bill as to what it does properly present for our consideration.

The absence from the transcript of a copy of the order allowing time to settle the bill, and required by the rules to be entered in the minutes of the Circuit Court, is not evidence either that such an order was not made or that it

was not entered in the minutes, for though it is required that such order shall be entered in the minutes, the rule does not require that a copy of it shall be set out in the transcript, but by the terms of Circuit Court Rule 97, governing the matter, it is sufficient that the fact that such an order was made shall be mentioned in the bill of exceptions, or shall otherwise appear in the record. The bill of exceptions expressly states that an order allowing thirty days was made ; and appears upon its face to have been settled within the time allowed. In those cases where we have refused to consider bills of exception because there had been no entry in the minutes of such an order, the want of such entry has been either affirmatively shown by extraneous proof, or admitted by the parties.

II. The Act of 1877, p. 338, of McC.'s Digest, does require that Circuit Judges shall, in the trial of civil cases other than appeals from Justices of the Peace, charge the jury *in writing.* Should they, however, charge orally, a party can take no advantage of the error, unless he shall have excepted to the charge as being oral, at the time it was delivered to the jury. West vs. Blackshear & Co., 20 Fla., 457. Appellants did not make any objection until after the verdict had been rendered. This was too late. Chapter 3431, Acts of 1883, allowing either party to embody in a motion for a new trial any portion of a charge which he may deem erroneous, does not apply here, where the error is one of form, 17 Fla., 783, but only where the error is in the substance of the charge.

III. When the plaintiffs announced upon the trial that they " rested, " the defendants made certain objections to proceeding to submit their case, which are stated as follows by the bill of exceptions: " Defendants object to proceed to show how and under what title they claim, be-

cause the plaintiffs had failed to show any title or right of possession, as the title offered in evidence reserved to parties holding prior rights or adverse claimants to the land so held, allowing parties to determine their respective rights before the proper tribunals, the United States relinquishing all right and title in and to such land; that the plaintiffs had failed to show that the lands sued for were not of this reserved class, but that on the contrary it was shown by the plaintiffs' to be such class. Also that they had failed to show that it was of such a class that grantee's rights had been determined by any judicial tribunal." The court overruled the objection, and defendants excepted.

If it was the purpose of the defendants to ask that the plaintiffs be non-suited because of the insufficiency of their evidence to authorize or support a verdict, our judgment is that there was no error in the action of the Judge, for, under Common Law Rule 51, of Circuit Court practice, the plaintiff can in no case be compelled to submit to a non-suit. Again, had the Judge announced that the plaintiffs' had not proved their case for the reasons stated in defendants' objections, and told the defendants that it was unnecessary for them to introduce any testimony, and the case had been submitted to the jury under such declaration from the Judge, it would have been practically charging upon the evidence and clearly erroneous. Ferguson vs. Porter, 3 Fla., 27. The defendants must be understood as asking for one or other of the above courses to be pursued. He either intended this or did not intend anything practical.

In view of the fact that the patent and deed offered in evidence are not set out in the bill of exceptions, and as, consequently, their contents are unknown to us for all the purposes of this case, we cannot even assume that there were any such provisions in them as the objections indicate;

but we would be bound to presume there were no such provisions in them, were such presumptions necessary to sustain the action of the judge. Where the record does not show affirmatively that the judge erred, every presumption is to be made in favor of the correctness of his ruling.

IV. The judge charged the jury as follows :

1. That the patent and act of Congress to William Marvin, and the deed from him to the plaintiffs, show a fee simple in them, and if they find for the plaintiffs they should say in their verdict that the plaintiffs have a fee simple title.

2. That the homestead title of Alvers and the final certificate made to him in 1875 were cancelled by the officers of the United States Land Office in 1876, and no title after this cancellation existed in Alvers.

3. That the statutes of limitations could not run in favor of any person in regard to this land until January, A. D. 1879, when the statute and patent were made to William Marvin. For the statute of limitations and patent to avail the defendants, it must be shown that they were in possession of this land since January, 1879, and seven years before the commencement of this suit.

4. If you find for the defendants you must say so and no more.

The defendants excepted. The exception is general. The plaintiffs, who are the defendants in error, contend, very properly, that if there is any one correct proposition of law in these instructions, that the exception will not avail the defendants as to any that may be correct. Regarding as we do the last or 4th instruction to be *merely* a direction to the jury as to the form of a verdict in case they shall find for the defendants, we do not think it is to be con-

sidered in the application of the rule invoked to the other three instructions. As to 1st, 2d and 3d instructions, it is plain that each one of them is a violation of the statute of 1877, referred to above, in so far as it inhibits the judge from charging on the evidence or facts of the case and restricts him to charging " only upon the law of the case, that is upon some point or points of law, or exceptions to evidence arising on the trial." The first and second instructions plainly state to the jury not only that the fee simple title is in the plaintiffs, but that whatever title there ever was in Alvers, under which defendants set up claim, has been cancelled ; and the third, though not so grave perhaps as the others, is, in its assumption of the making of the statute and patent, and of the time when they were made, clearly a violation of the act. Viewing the third instruction in connection with its predecessors, we are unable to come to any conclusion other than that the Circuit Judge in an unguarded moment trenched greatly upon the province of the jury. Ferguson vs. Porter, *supra ;* Ashmead vs. Wilson, 22 Fla., 255 ; L. & N. R. R. Co. vs. Yniestra, 21 Fla., 700 ; Collins vs. State, 15 Fla., 651. It cannot be contended that this is a case where, as in Metzger vs. State, 18 Fla., 481, viewing the whole testimony it is apparent no prejudice to defendants' rights could have resulted from the error.

V. We may remark as to the third of the above instructions, that whether or not the title to the premises in question is one which, within the meaning of our statute of limitations, (sec. 3, p. 721, McC's. Digest,) was "derived" from the United States, is a point which cannot be properly decided in the absence from the bill of exceptions of a showing of the real nature of the title.

VI. There is in the *record,* but outside of the bill of exceptions above referred to, a paper containing instructions

which were refused. This paper forms " *a part of the record* " under the act of 1877. §36, p. 338, McC's. Dig ; 17 Fla., 783, 895. The refusal and an exception by the defendants to the refusal is written at the foot of them and is signed and sealed by the Circuit Judge. The refusal to give these charges is assigned for error. The exception is general, and if any one of the instructions is erroneous, the action of the judge in refusing them was proper. Metzger vs. State, 18 Fla., 483, head note 8. In the absence from the bill of exceptions of the testimony of which we have made mention above the correctness of some of these instructions cannot be properly passed upon and as a consequence we must presume that in view of such evidence there was no error in the action of the judge in refusing the instructions as a whole.

The judgment is reversed and a new trial granted.