RUPERT R. GIBSON, PLAINTIFF IN ERROR VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. When there has been trial for an offense and a verdict of guilty, and on motion of the defendant the Court arrests the judgment, or grants a new trial, such defendant has not been in the jeopardy which forbids a second trial, whether upon the same indictment or a new one. The jeopardy ceased upon the arrest, or grant of a new trial, there being no right of appeal for the prosecution in this State.

2. The entry of a *nol pros* in such case is not a bar to another indictment for the same offence.

3. An oral charge, being merely a formal requirement, is as to error considered as waived, if not excepted to before retirement of the jury; and the statute which authorizes a party to embody in a motion for a new trial mistakes of the Court not before excepted to, gives that privilege as to substantial matters, charged, but not as to formal matters connected with the delivery of the charge.

4. This Court cannot assume, as against the presumption in favor of the action of the judge, that a charge of the Court in relation to the conduct of a witness is erroneous when there is nothing in the bill of exceptions in regard to the nature of the occurrence.

5. While the Court may charge the jury that they "are not to try the case by the argument of counsel," if by that it be understood as only warning them that they should not be controlled in a decision on the facts by these arguments, as against their own judgment; yet to charge further that "it is the study of a life-time that they (counsel) learn how to distort, change, color and discolor facts, in order that they may use them to the advantage of their clients," is virtually depriving the prisoner of counsel, and also an implied intimation that the facts, as stated in the argument of counsel, are not those shown by the evidence, and in this latter respect is a violation of the statute which forbids a judge to charge on the facts. Such a charge disparages the profession unjustly, and tends to prejudice the prisoner, and is erroneous.

Writ of error to the Circuit Court for Polk County.

The facts of the case are stated in the opinion.

The Honorable John F. White, Judge of the Third Judicial Circuit, sat in the place of Mr. Justice Mitchell, who was disqualified.

*J. B. Wall and H. C. McFarlane*, for Plaintiff in error.

*The Attorney General*, for Defendant in error.

MAXWELL, J.: January 30, 1888, plaintiff in error was convicted of murder in the first degree. A new trial was granted on his motion, and while the case was still pending another indictment was found against him for the same offense. Subsequently a *nol pros* was entered as to the first indictment. Thereupon plaintiff in error filed a plea of *autrefois acquit* to the second indictment, alleging that he had been put in jeopardy of his life by the trial under the first. The State Attorney demurred to this plea, and the Court sustained the demurrer. A trial was then had on the plea of not guilty, a verdict of guilty with recommendation to mercy rendered by the jury, and motions in arrest

of judgment and for a new trial were made by plaintiff in error, which the Court overruled.

Before delivering his written charge the judge addressed the jury orally in these words: "Before proceeding to deliver my charge to the jury, by request of defendant's counsel, I desired to call attention to an unfortunate and very improper circumstance that occurred the other day in the presence of the jury, when one Mrs. Harvey was leaving the witness stand, and made a declaration that should not have been made, and for which she was subject to punishment for contempt if her remark had been heard by the Court, but she being a woman, and counsel declining to ask any ruling thereon, she was not punished. I instruct you to banish from your mind that circumstance. It has nothing whatever to do with this case. As to the arguments made by counsel, you are not here to try the case by the arguments of counsel; it is the privilege as well as the duty of counsel to argue to the best advantage in the behalf of their clients; it is the study of a lifetime that they learn how to distort, change, color and discolor facts in order that they may use them to the advantage of their clients. They are not here as you and I are here, but as partisans. The Court and jury come here disabused of every feeling of prejudice, every feeling of injustice, and to perform the solemn duty to ascertain the facts and law, and nothing more."

The question presented by the assignment of errors are, whether the plea of *autrefois acquit* was rightly overruled, whether it was proper to address the jury orally in the language just quoted, and whether that language was not in itself error. The question on the instruction in regard to immateriality of proof as to the time of the commission of the offence, is regarded as abandoned, there being no reference to in the brief of counsel.

As to the plea, we think the Court did not err in holding that it furnished no sufficient defense against the further prosecution of the prisoner. That a party cannot be twice put in jeopardy for the same offence, is well established in law; but when there has been a trial for an offense, and a verdict of guilty, and on motion of the party convicted the Court arrests the judgment, or grants a new trial, it is uniformly held that such party has not been in the jeopardy which forbids a second trial, whether upon the same indictment or a new one. The arrest of judgment, or the new trial, being at his instance and for his benefit, and the prosecution being thereby suspended, the jeopardy ceases, and is, so far as a new indictment after arrest of judgment is concerned, as if it had never existed. 1 Bishop on Criminal Law, Section 1000. The rule is applicable in this State, because the prosecutor has no right of appeal for the reversal of the judgment of arrest, while in States where such appeal is allowed the jeopardy is considered as still existing. And so far as a new trial is concerned when granted on motion of the defendant, the jeopardy of the previous trial is waived by him, and is not available for his defense. 1 Bishop on Criminal Law, Sections 1001, 1003. See also People vs. Casborus, 13 John (11 N. Y. C. L.), 350; Commonwealth vs. Hatton, 3 Grattan, 623; State vs. Phil, 1 Stewart, 31; Joy vs. State, 14 Ind., 139; State vs. Holley, 1 Brevard, 35; Gerard vs. People, 3 Scam., 362, and State vs. Walters, 16 La. Ann., 400.

Nor does the entry of a *nol pros* in the case make any difference. That is not a bar to another indictment for the same offence. Commonwealth vs. Wheeler, 2 Mass., 172; Lindsay vs. Commonwealth, 2 Va. Cas., 345; Worthen vs. Commonwealth, 5 Rand., 669; Walton vs. State, 3 Sneed, 687. A new trial having been granted, the case stood as if

it had never been tried, and a *nol pros* then entered had no different effect in favor of the prisoner than if it had been entered prior to the trial.

In regard to the alleged error of the Court in delivering a portion of the charge to the jury orally, it does not appear from the record that any exception was taken to this at the time. Under the practice of this Court, in construing the statutes in relation to oral and written charges, such error, being as to a merely formal requirement, is considered as waived if not excepted to before the retirement of the jury. Even if alleged as error on a motion for a new trial, it comes too late. The statute which authorizes a party to embody in a motion for new trial mistakes of the Court not before excepted to, gives that privilege as to substantial matters charged, but not as to formal matters connected with the delivery of the charge. And even where the judge has given oral instructions, and afterwards before the jury retired gave written instructions, saying to the jury they were substantially the oral instructions he had given, it has been held that this is a compliance with the statute requiring charges to be wholly in writing in case to which the requirement applies. Southern Ex. Co. vs. Van-Meter, 17 Fla., 783; Potsdamer vs. State, Ibid, 895; Baker vs. Chatfield, 23 Fla., 540. The rule as to waiver of the error applies alike to civil and criminal cases. Southern Ex. Co. vs. VanMeter, *supra.*

Our conclusion being that the objection to the charge on the ground that it was delivered orally, was waived under the circumstances of the case, the next question to be considered is, whether the charge in its substance was erroneous. It is given above in full, and two objections are made to it. 1st, that the instruction to disregard the improper circumstance of a declaration made by the witness Mrs.

Harvey, in the presence of the jury, for which she was subject to punishment for contempt if her remark had been heard by the Court, was wrong; and 2nd, that what was said in reference to argument of counsel was also wrong. As to the first, there is nothing in the bill of exceptions, nor elsewhere, to inform us what occurred, or what the remark of the witness was, and we have no data upon which to judge of its character or probable effect. The presumption in that state of the case must be in favor of the propriety of the instruction, especially as it is stated that it was given at the request of the defendant's counsel. It is said here that the instruction denied to the jury their privilege to consider the manner and conduct of the witness in connection with her statements, but in the absence of anything to enlighten us in regard to the nature of the occurrence we cannot assume, as against the presumption in favor of the action of the judge, that there was any infringement of the privileges of the jury. We, therefore, think that the first objection to the charge is not well taken.

A more important question is involved in the second objection, relating to the argument of counsel. If the judge had contented himself with saying to the jury, as he did, that they were not to try the case by the arguments of counsel, and that it is the privilege as well as duty of counsel to argue to the best advantage of their clients, there would be nothing to complain of. He would then have been understood as only warning them that they should not be controlled in a decision of the facts by the argument of counsel, as against their own judgment. Judge, jury and counsel have their separate functions and duties, and in their proper places are each deemed essential under our system to the due administration of justice between litigants. Counsel, as sworn officers of the Court, are to be respected

and trusted for their integrity and honest performance of duty as well-as other branches of the Court; and the Constitution in guranteeing to persons accused of crime the right to be heard by counsel, puts its high approval upou the office they fill. Bill of Rights, Sec. 11. It comes, then, as a startling announcement when a jury is told from the bench of counsel that "it is the study of a lifetime that they learn how to distort, change, color and discolor facts, in order that they may use them to the advantage of their clients." If that properly characterizes the study and purpose of the profession, it is a profession morally degrading to its members, and should not have legal recognition. We have other and higher ideas of it, and cannot better express our estimate than in the language of Judge Nisbet of Georgia, who says in Garrison vs. Wilcoxon, 11 Ga., 154: "The true view of the position of counsel, before the jury, is that of aids or helps. They are officers of the Court— amenable to its authority, subject to its correction, and restrained by usages of honor and courtesy, which, however, in some instances diregarded, are as ancient in their origin and as potent for good, and as generally respected, as any usages which belong to any class of the highest grade of civilized man. The duties of the advocate are among the most elevated functions of humanity. Whilst he is the representative of his client's cause, yet these considerations insure all honorable advocacy. His business is to comment on the evidence—to sift, compare and collate the facts —to draw his illustrations from the whole circle of the sciences—to reason with the accuracy and power of the trained logician, and enforce his cause with all the inspirations of genius, and adorn it with all the attributes of eloquence."

The disparagement of counsel in the language we have

quoted, besides its injustice to a highly honorable profession in an indirect way, closely trenches upon the right of a prisoner to be heard by counsel, in fact, practically nullifies the benefit of that right. Spoken in the case then on trial it in effect says, pay no attention to what counsel have said, for all their lives it has been their study to distort, change and discolor facts. It virtually eliminated counsel from the case, with the added mischief of stimulating prejudice against their arguments. This was an injury to the prisoner in its tendency to interfere with a fair and unbiased consideration of the facts of his case. Further than this, there is an implied intimation that the facts, as stated in argument of counsel, are not those shown by the evidence, and this is a violation of the statute which forbids a judge to charge on the facts. It is to be supposed that in the moment of unguarded oral utterance, the judge did not have in contemplation the full import of his language, but we must take it as we find it, with the patent meaning it bears, unpruned of any of its force. In so substantial a matter, that is due to the prisoner, and where the judge in addition to virtually depriving the prisoner of the benefit of counsel, has also invaded the province of the jury as to the facts, it cannot be held not to have prejudiced the prisoner, when the bill of exceptions contains none of the evidence adduced at the trial. Baker vs. Chatfield, *supra*. Under these views we think there was error in this charge of the Court, and that the case should be remanded for a new trial.