State vs. McCarthy.

No. 10,952.

## THE STATE OF LOUISIANA VS. LUMA MCCARTHY.

The rulings of the trial judge in matters of continuance will not be interfered with, unless manifestly wrong, arbitrary and glaringly erroneous.

The right of peremptory challenge is not the right to select, but to reject jurors.

The objection to a juror that he was a member of the grand jury which presented the indictment comes too late on motion for a new trial.   The objection should have been urged when he was examined on his *voir dire*.

When the trial judge has heard the evidence and ruled on the admission of a con-fession made by defendant, he is not required to make a note of the evidence to be incorporated in a bill, when the testimony of the witness is of such a character as not to influence his ruling on the points presented in the bill.

When the indictment charges that the murder was committed "on or about the 28th December, 1890," the words "on or about" are surplusage.   The real date is that which is specifically charged.

It is not sufficient to set aside the *venire* when the clerk of court employs an amanuensis, who acts directly under his supervision, to write the names of jurors on the slips of paper to go into the "general *venire*" box.   In such a case the amanuensis is not an intruder upon the deliberations of the jury commis-sioners.

| 44 | 323 |
|----|------|
| 44 | 319 |
| 44 | 322 |
| 44 | 786 |
| 44 | 323 |
| 47 | 1093 |
| 47 | 1527 |
| 44 | 323 |
| 50 | 152 |
| 44 | 323 |
| 52 | 1356 |
| 44 | 323 |
| 104 | 586 |
| 44 | 323 |
| 113 | 800 |
| 44 | 323 |
| 115 | 943 |
| 44 | 323 |
| 116 | 33 |
| 44 | 323 |
| 124 | 754 |
| 124 | 1022 |

[State vs. McCarthy.

APPEAL from the Thirteenth District Court, Parish of St. Landry. *Lewis, J.*

*W. C. Rogers,* Attorney General, for the State, Appellee.

*E. P. Veazie* for Defendant and Appellant.

The opinion of the court was delivered by

McENERY, J.    The defendant was indicted for murder, convicted and sentenced to be hung, from which judgment he appeals.

There are in the record fourteen bills of exceptions.

The ruling of the district judge on the motions for continuance were largely within his discretion.    From his statements appended to the several bills, we do not think that he abused the discretion vested in him.    It will not be disturbed unless manifestly erroneous. State vs. Green, 43 An. 401; 36 An. 853; 37 An. 128; 33 An. 262; 39 An. 673.

The several bills to the rejection of jurors may be disposed of by stating that the obnoxious jurors did not serve cn the jury which tried the accused.    State vs. Aarons, 43 An. 406; 43 An. 401; 42 An. 255; 41 An. 590; 39 An. 751, 931; 37 An. 443; 33 An. 1410; 8 An. 109.

The objection to a juror that he was a member of the grand jury, which found the bill, comes too late on a motion for a new trial. The objection should have been urged when the juror was sworn on his *voir dire.*    State vs. Thomas, 35 An., p. 24.

Relying upon the doctrine in the Seiley case, 41 An., p. 143, the defendant took a bill of exceptions to the ruling of the trial judge refusing him the privilege of taking down certain statements of a witness relative to the confession of the defendant.    This request was made after the witness had testified and the judge had ruled on the confession, admitting it to go to the jury:

The case is not similar to the Seiley case.    There is no conflict as to the statements of the judge and the defendant's counsel, as to what the witness had sworn to.

The trial judge emphatically states that the confession was free

and voluntary, and that " there was not the slightest evidence to show that any inducements or threats were held out to the accused or to show that the accused was in a state of mania superinduced by intoxication."

While adhering to the doctrine in the Seiley case, we are not disposed to so extend it as to absolutely interfere with the trial judge in matters addressed to his sound discretion, and to require him, after he had heard the evidence and ruled on the confession, to make a note of the testimony of a witness who did not state any fact relating to the matter complained of in the bill. The ruling on this bill applies to No. 11.

The motion in arrest of judgment alleges that the indictment is fatally defective in substance in charging the murder to have been committed on or about the 28th of December, 1890. The words "on or about " are surplusage. The real date is that which is specified. Time is not the essence of the offence here charged, and the time therefore stated in the indictment is immaterial as to the exact date if it be charged before finding of indictment. Wharton, Sec. 267; State vs. Williams, 30 An. 843; State vs. Waters, 16 An. 401.

Bill No. 1 is presented with great force, and we have given the utmost consideration to the able argument of defendant's counsel. The defendant on the first day of the term filed a motion to quash the indictment, charging that the jury commissioners in drawing the jury disregarded the provisions of Act 44 of 1877. The complaint is that one Raoul Pavy, a minor, who was sometimes employed in the clerk's office, wrote the names and residences of some of the jurors on the slips of paper which were to be placed in the " general venire " box. If this fact stood alone and unexplained, the case would be brought within the ruling of the State vs. Willie Taylor, 43 An. In this case we said: " The clerk omitted to perform the duties specially assigned under the act, and the box was not of that kind provided with lock and key, as the law directs ; but these are irregularities only, and it was not shown that they were done for the purpose of injuring the defendant, or with any fraudulent intent, or that some great wrong had been done him. It is essential to show these facts, in order to set aside the indictment for such irregularities as are alleged."

We held in the case that the irregularities embraced within the meaning of Section 10 of the act, referred to those committed by the

State vs McCarthy.

commission, and that when a person not a commissioner intruded himself upon their deliberations, and did acts which it was the duty of the commissioner to perform, these were not acts of the commissioner, but of one who had no authority to perform them, and therefore null and void.

The ruling of the trial judge may well stand without impugning the decision in the Taylor case. In the latter case there was nothing to explain or qualify the act of the third person, who performed the duty assigned to the clerk, and who, for aught that appears, acted independently and without control or supervision. But here, the judge's statement in the bill says, "the evidence shows that the writing of the names on the tickets was done under the immediate supervision and direction of the clerk and jury commissioners in the clerk's office, and by an amanuensis in the regular employ of the clerk." If, as thus appears, the writing was done under the eye and direction of the clerk, by one acting merely as his amanuensis, it would be extending strictness beyond reason to hold that the *venire* was thereby vitiated.

Under such a holding, if the clerk was temporarily disabled from writing by a wound or other injury to his hand, a *venire* could not be drawn, and the machinery of justice would be stopped.

In the Taylor case, we were careful to state that the omission of duties by the clerk, specially assigned to him under the act, were irregularities only, and embraced within the meaning of Section 10 of Act 44 of 1877. Proof, therefore, of injury and fraudulent intent must be proved in order to affect the *venire*.

In the case at bar the amanuensis did not intrude himself upon the deliberations of the commission. He was present with full knowledge of the commissioners, and acted directly under the supervision and control of the commission, doing only an act which, in effect, was the act of the clerk of court. His act was, therefore, the act of the commissioners, and if irregular must be treated as an irregularity imputable to the commission.

Judgment affirmed.