STATE *v.* McDONALD.

STATE *v.* McDONALD.

---

STATE v. McDONALD.

1.  Under Comp. Laws, § 7245, providing that the precise time when an offense was committed need not be stated in the indictment, except when time is a material ingredient, an information for arson is not rendered insufficient by charging that the crime was committed on or about a certain date.

2.  Comp. Laws, 7428, provides that, if a crime is distinguished into degrees, the jury must find the degree of which defendant is guilty. Section 7421 provides that a general verdict of guilty or not guilty has reference to the crime charged in the indictment. Section 6727 divides arson into four degrees, and section 6733 provides that the malicious burning of any barn is arson in the third degree. An information charged the commission of arson in the third degree by burning a barn. which was alleged not to be the subject of first or second degree arson, and the verdict found the defendant guilty as charged. Held a sufficient designation of the degree of the crime.

3.  Where it does not affirmatively appear on appeal from a conviction for crime that there was an adjournment after the jury retired, it will be presumed that the court remained in session till the verdict was returned.

4.  Under Comp. Laws, § 5057, providing that the court may adjourn in respect to other business while a jury is out, but is open nevertheless for every purpose connected with the cause submitted to the jury till the verdict is returned, a verdict in a criminal case is not rendered invalid by an adjournment while the jury is out.

5.  An order refusing a new trial sought for alleged misconduct of a juror

will not be disturbed unless the court appears to have abused its discretion.

(Opinion filed July 2, 1902)

. Error to circuit court, Hamlin county.    Hon. JULIAN BENNETT, Judge.

Lewis McDonald was convicted of arson and brings error. Affirmed.

*Wilbur S. Glass* and *Ivan W. Goodner*, for plaintiff in error.

*A. W. Burtt*, Atty. Gen., *Alva E. Taylor*, Asst. Atty. Gen., and *Aubrey Lawrence*, State's Atty., for the State.

CORSON, J.    The questions presented by the assignment of errors in this case are as follows:    "(1) That the facts stated in the information do not constitute a public offense; (2) that the verdict rendered by the jury is a nulity; (3) that the verdict is against the law and the evidence; (4) that one of the trial jurors was incompetent by reason of actual bias, he having a fixed and unchangeable opinion that the plaintiff in error was guilty of the offense charged, and had expressed such an opinion before he entered the jury box."    The information upon which the plaintiff in error was tried and convicted, omitting formal parts is as follows:    "That Lewis McDonald   *   *   * on or about the 22d day of March, A. D. 1901,   *   *   *  did commit the crime of arson in the third degree, which said crime was committed as follows, towit:    That the said Lewis McDonald,   *   *   *  on or about the 22d day of March, A  D. 1901, with intent so to do, and in the nighttime of said day, with force and arms, wrongfully, unlawfully, feloniously, and maliciously a certain building, to-wit, a barn, did set fire to and burn, with intent then and there to burn, consume, and destroy the same,   *   *   *  and which said barn was not the subject

of arson in the first or second degree." No demurrer was in-
terposed to the information, but a motion in arrest of judg-
ment was made, and denied by the trial court.

One of the grounds for the arrest of judgment was that the
time alleged in said information as to when said offense was
committed was not stated with sufficient legal certainty.

The learned counsel for plaintiff in error contends that the
allegation in the information that the offense was committed
"on or about the 22d day of March, 1901," is uncertain and in-
definite, and that the use of the expression "on or about" ren-
ders the information fatally defective. Such may have been
the rule at common law, but this strictness of the common law
in England was abrogated by statute (14 and 15 Vict. c. 100,
§ 24), which provides no indictment for any offense shall be
holden insufficient "for ommitting to state the time at which
the offense was committed in any case where time is not the
essence of the offense nor for stating the time imperfectly." 1
Archb. Cr. Proc. p. 278. In this state it is provided: "The
precise time at which the offense was committed need not be
stated in the indictment, but it may be alleged to have been
committed at any time before the finding thereof, except where
the time is a material ingredient in the offense." Section 7245,
Comp. Laws. This section seems to have been intended to
modify the rigorous rule of the common law, and such seems
to be the view of the courts in states having similar provisions.
State v. Thompson, 10 Mont. 549, 27 Pac. 349; State v. Wil-
liams, 13 Wash. 335, 43 Pac. 15; State v. McCarthy, 44 La. Ann.
323, 10 South. 673; Brown v. State, 16 Neb. 659, 21 N. W. 454;
State v. Harp, 31 Kan. 496, 3 Pac. 432; Rawson v. State, 19
Conn. 292.

In State v. Williams, supra, the supreme court of Washington uses the following language: "In support of his demurrer appellant insists that the words 'on or about' in the charging part of the information are indefinite and insufficient. Conceding the allegation insufficient under the common-law requirements, we think the objection is not well taken under the provisions of our Code governing prosecutions by information or indictment." The provisions of the Code of that state referred to in the opinion are substantially the same as those found in section 7245, above quoted. In State v. McCarthy, supra, the supreme court of Louisiana says: "The motion in arrest of judgment alleges that the indictment is fatally defective in substance in charging the murder to have been committed on or about the 28th day of December, 1890. The words 'on or about' are surplusage. The real date is that which is specified. Time is not the essence of the offense here charged, and the time therefore stated in the indictment is immaterial as to the exact date if it be charged before finding of indictment. Whart. Cr. Law, § 267; State v. Williams, 30 La. Ann. 843; State v. Walters, 16 La. Ann. 401." While this method of pleading is not to be commended, we are of the opinion that, in view of the provisions of our statute and decisions of the courts having similar statutes, the learned circuit court ruled correctly in denying the motion in arrest of judgment upon the ground that the term "on or about" was used in the information, and the same was thereby rendered uncertain.

The jury returned a verdict of "guilty as charged in the information." It is contended on the part of the plaintiff in error that the verdict is defective, in that it fails to designate the degree of arson for which the accused was convicted, and

16 S. D.—6

for this reason it is a nullity. By section 7428 it is provided: "Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty." By section 6727 arson is distinguished into four degrees. And sections 6728-6731 define what shall constitute arson in the first and second degrees. Section 6733 provides: "Maliciously burning in the night-time any building not the subject of arson in the first or second degrees, * * * and any barn, mill or manufactory, is arson in the third degree." It will be observed from the information upon which the plaintiff in error was tried that it alleged therein that he committed the crime of arson in the third degree, and that the building it is alleged he set fire to with the intent then and there to burn was a barn, and that it is further alleged in the information that the said barn was not the subject of arson in the first or second degree. It clearly appears, therefore, from the information itself, not only by the averments of the state's attorney, but by the description of the building, that the offense could not have been other than arson in the third degree. The verdict of the jury, therefore, finding the plaintiff in error guilty as charged in the information, was a substantial compliance with the law. Under the information no verdict other than the one returned could have been properly found, except the verdict of not guilty. Section 742J, Comp. Laws, reads as follows: "A general verdict upon the plea of not guilty is either guilty or not guilty which imports a conviction or acquittal of the offense charged in the indictment." It will be noticed that the offense charged in the information in the case at bar is arson in the third degree, and hence a general verdict as charged in the information indicated with certainty the

crime for which the jury intended to convict the defendant. If the indictment had charged arson simply, then it would have been necessary for the jury to distinguish by their verdict the degree. For this reason the decisions cited by the plaintiff in error are not in point. The case of People v. Nichol, 34 Cal. 217, was one in which the jury might have found the defendant guilty of murder in the first or second degree; hence the failure of the jury to designate the degree rendered the verdict uncertain. And in the case of People v. Coch, 53 Cal. 627, it would seem the defendant was charged with the crime of arson generally, and hence it was necessary for the jury to distinguish the degree. But in People v. Whitely 64 Cal. 211, 27 Pac. 1104, the same court used this language: ''The defendant was charged with the crime of grand larceny, and the jury by their verdict found her 'guilty as charged.' This was a sufficient finding of the degree." In Burgess v. State, 33 Tex. Cr. R. 9 24 S. W. 286, the supreme court of Texas says: "A verdict, 'We, the jury, find the defendant F. guilty as charged in the indictment,' is not objectionable, where it can be rendered certain by considering it in connection with the indictment and the instructions." In Anderson v. State, 65 Ala. 553, the supreme court of Alabama, in speaking of a case involving forgery, which is by the statute of that state distinguished by degrees, says: ''The verdict of the jury finds the defendant 'guilty as charged in the indictment.' The indictment, as we have seen, charged him, in terms, with forgery in the second degree, and we cannot perceive how the finding could be more definite or specific. If the indictment * * * be so framed that it is alike applicable to different degrees of the offense charged, or if the jury is charged with any duty in reference

to the amount or character of the punishment to be inflicted, then a general finding would be insufficient because the court would be left uninformed as to what judgment should be rendered. No donbt or uncertainty could exist in the present case, and hence a more specific finding was not necessary. Law is a science based on reason, and does not require the observance of useless ceremonies. Jones v. State, 50 Ala. 161; Davis v. State, 52 Ala. 357; Horton v. State, 53 Ala. 488." Verdicts are to have reasonable intendments and receive a reasonable construction, and should not be held insufficient unless the court is in doubt as to the intent of the jury as indicted by their verdict. 28 Am. & Eng. Enc. Law, 354. In the case at bar the offense charged in the information, independent of the aver ments of the state's attorney, was, as we have seen, arson in the third degree, and hence the verdict of the jury finding the defendant "guilty as charged in the information" clearly indicated the intention of the jury, and renders that intention cer tain. We are of the opinion that the verdict substantially complies with the statute, and should be sustained.

The third contention on the part of the plaintiff in error, that the verdict of the jury is against law and evidence, and that the evidence does not support the verdict, is not, in our opinion, tenable. After a careful examination of the evidence, we are of the opinion that no error was committed by the trial court in refusing to grant a new trial upon the grounds specified, and that no useful purpose will be served by reviewing the evidence at length in this opinion.

It is further contended by the plaintiff in error that the court erred in receiving the verdict of the jury after the adjournment of the court, such verdict being for that reason what

is known as a privy verdict.    We are unable, from an examination of the abstract, to find any warrant for this contention. So far as the abstract discloses, immediately after the close of the charge of the court the jury retired to deliberate upon their verdict, and subsequently returned the same to the court, the defendant being present with his counsel representing him, and the state's attorney also being present.   The verdict was recorded by the clerk, and the jury polled.   No objection appears to have been made to receiving the verdict, and it does not appear that there was any adjournment taken by the court. Counsel for the state set out in their brief what purports to be the proceedings, but, as there is no amended abstract, their statement cannot be regarded.   As it does not affirmatively appear that there was an adjournment or recess after the retirement of the jury, we must presume that the court remained in session, and that the verdict was regular.   Cranmer v. Kohn, 11 S. D. 246, 76 N. W. 937.    But whether it did adjourn or not is not material, under section 5057, Comp. Laws which reads as follows:   "While the jury are absent, the court may adjourn from time to time, in respect to other business; but it is nevertheless open, for every purpose connected with the cause submitted to the jury, until a verdict is rendered or the jury discharged."    McIntyre v. People, 38 Ill. 514; State v. Davis, 14 Ind. 358; 28 Am. & Eng. Enc. Law, 341; Temple v, Com., 14 Bush. 769, 29 Am. Rep. 442; Milligan v. Territory, 2 Okl. 164, 37 Pac. 1059.

It is contended on the part of the plaintiff in error that a new trial should have been granted upon the ground of the alleged misconduct of one of the jurors, William Smith, who, it is claimed, had made statements prior to the trial that he be-

lieved the defendant guilty. The juror denied that he had made this statement, and denied his having ever made or expressed any opinion as to the guilt or innocence of the accused. Upon a careful examination of the affidavits, we are unable to say that the trial court erred in refusing the motion for a new trial upon the ground stated. The question was largely in the sound judicial discretion of the trial court, and, this court being unable to say that there was an abuse of such discretion, the ruling of the court should not be disturbed.

Finding no error in the record, the judgment of the circuit court and order denying a new trial and in arrest of judgment are affirmed.