D. C. WEAVER, *Plaintiff in Error*, v. THE STATE OF FLOR-
IDA, *Defendant in Error*.

1.  The recital in a motion for new trial of the ground of chal-
    lenge of a juror is not evidence of itself that the matters
    recited transpired during the trial.

2.  Where the record does not exhibit the entire charge given to
    the jury the appellate court cannot say that the trial court
    erred in refusing to give a specific charge requested by the
    defendant.

3.  Where a special instruction was requested by the defendant,
    and the court merely endorsed the same "Refused, exception
    noted," dating and signing it, but did not "declare in writing
    to the jury his ruling thereupon as presented," and did not
    "pronounce the same *to the jury* as given or refused," in com-
    pliance with the provisions of section 1498, General Statutes,
    the error is waived by a failure of the defendant to reserve
    an exception to the proceeding promptly before verdict; an
    exception taken for the first time after verdict in the motion
    for new trial is too late. Any expressions in Fridenburg v.
    Robinson, 14 Fla. 130, in conflict herewith are disapproved.

This case was decided by Division B.

Writ of Error to the Criminal Court of Record, Duval
County.

The facts in the case are stated in the opinion of the
court.

*Purcell & McGill,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

PARKHILL, J.—The plaintiff in error was convicted of
an assault with intent to murder in the second degree.

Error is assigned as follows:—"The court erred in allowing juror C. P. Stradler to serve as a juror over the defendant's objection, the said juror having testified that he had served three times as a juror this present year." The record does not sustain this assignment. The bill of exceptions recites:—"Six men were called as jurors in this case, but one of them, viz: C. P. Stradler, was challenged by the defendant for cause, which said objection was made by the defendant on the ground that said juror C. P. Stradler had served three times as a juror during the present year, but not since chapter 5902, Laws of Florida, went into effect upon approval by the Governor. The court overruled the defendant's objection to the said juror and allowed him to serve as a juror to try the defendant, which said ruling was then and there excepted to by the defendant." This ruling of the court was urged by motion as a ground for a new trial. The defendant, however, entirely failed, so far as we are advised, to testify that the challenged juror had served three times as a juror this year, and this fact does not otherwise appear to be true by the record. The recital in the motion for a new trial of the ground of challenge of this juror is not evidence of itself to us that the matters recited transpired during the trial. The court will not reverse the ruling of the trial court overruling a challenge for cause to a proposed juror, unless the grounds of challenge are sustained by proof offered in support thereof, or are otherwise shown to be true by the record.

As the record does not show the entire charge given, we cannot say that the trial court erred in refusing to give the specific charge requested by the defendant. Ford v. Ford, 110 Ind. 89, 10 N. E. Rep. 648; Parson v. Baxter, 13 Fla. 580; Stewart v. Mills, 18 Fla. 57; Youngglove v. Knox, 44 Fla. 743, 33 South. Rep. 427; Finlayson v. State,

46 Fla. 81, 35 South. Rep. 203; Reynolds v. State, 34 Fla. 175, 16 South. Rep. 78.

When the special instruction mentioned above was refused, the court merely indorsed the same, "Refused, exception noted," dating and signing it, but did not "declare in writing *to the jury* his ruling thereupon as presented," and did not "pronounce the same *to the jury* as given or refused," as he was required to do by the provisions of section 1498 of the General Statutes of 1906. It does not appear that the defendant reserved an exception to this proceeding at the time, but the omission of the court to comply with the statutory requirement already mentioned was made the ground of a motion for a new trial, the motion was overruled and an exception thereto was duly taken and noted in the record. As this omission of the court was not excepted to promptly, at least before the rendition of the verdict, such exception being taken for the first time after verdict in the motion for new trial, we will have to adjudge the error to have been waived. Morrison v. State, 42 Fla. 149, 28 South. Rep. 97; Hubbard v. State, 37 Fla. 156, 20 South. Rep. 235; Southern Express Co. v. VanMeter, 17 Fla. 783; Potsdamer v. State, Id. 895; Weightnovel v. State, 46 Fla. 1, 35 South. Rep. 856; Jones v. State, 18 Fla. 889; Coker v. Hayes, 16 Fla. 368; Baker v. State, 17 Fla. 406; Gibson v. State, 26 Fla. 109, 7 South. Rep. 376; Baker v. Chatfield, 23 Fla. 540, 2 South. Rep. 822.

In so far as any expressions in Fridenburg v. Robinson, 14 Fla. 130, are in conflict with the views here expressed the same are disapproved.

The other assignments relate to the insufficiency of the evidence to support the verdict. While there is some con-

flict, there is sufficient evidence to authorize the finding of the jury.

The judgment is affirmed.

TAYLOR and HOCKER, JJ., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., concur in the opinion.