JUAN DEL PINO v. STATE.

163 So. 568.

Opinion Filed October 21, 1935.

*Louis Allen Harris* and *Arthur Gomez,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The writ of error brings for review judgment of conviction of murder in the second degree.

The record shows that two indictments were returned against the defendant in the Circuit Court of Monroe County. One of the indictments charged Juan Del Pino with the offense of murder in the first degree. The other indictment, which we will call Indictment No. 2, charged the same defendant with murder in the first degree and also charged one Bonafacio Riviero as principal in the second degree with the offense of murder in the first degree. The defendant Pino was put on trial under indictment No. 1;

and was convicted, but the verdict in that case was refective and, therefore, new trial was granted. When the new trial was granted the two defendants were put on trial together under indictment No. 2.

The defendant Pino by counsel objected to arraignment of Pino on indictment No. 2. The objection was overruled.

Then Pino filed motion as follows:

"Wherefore this defendant moves the Court to abate the trial in the instant case and to try him, this defendant, upon the indictment in the case by the State of Florida v. Juan Del Pino, in which a new trial has been granted by the order of this court as aforesaid."

Motion was denied and defendant was put on trial and convicted of murder in the second degree.

There was no reversible error committed by the court in this regard. Gibson v. State, 26 Fla. 109, 7 So. 376; Brien v. State, 55 Fla. 146, 47 Sou. 11; State, *ex rel.* Owens, v. Barnes, 24 Fla. 153, 4 Sou. 560.

It was next contended that the court erred in overruling defendant's motion for new trial. There were 18 grounds contained in the motion. We have considered each of them in connection with the record as presented and it is not made to appear that any reversible error occurred. The evidence was amply sufficient to sustain the verdict and judgment. There was no material differences between the salient facts, so far as the actual commission of the homicide is concerned, in this case and in the case of Alvarez v. State, 41 Fla. 532, 27 Sou. 40. The facts are as near identical as we could expect to find the facts in any two cases and it could serve no useful purpose to repeat here what was said by the Court in that case.

No reversible error having been made to appear, the judgment should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.