## Allen v. The State.

*Indictment for Assault with Intent to murder, &c.*

1. *Verdict, form of; duty of prosecuting officer as to.* — The prosecuting officer and the court should look after the form and substance of the verdict returned by the jury. If it be insufficient, in either particular, the court should decline to receive it and give the jury instructions which will enable them to correct it.

2. *Verdict; what is a nullity.* — A verdict finding the defendant "*guilty of an intent to maim,*" on the trial of an indictment charging an assault with intent to murder or maim, is a mere nullity, and a motion in arrest of judgment should be sustained to it. If this is overruled and sentence passed, this court will reverse on appeal, and award a *venire facias de novo.*

3. *Assault with intent to murder or maim; what charge as to, erroneous.* — On the trial of an indictment for an assault with intent to murder or maim, a charge that "there must have been a deliberate, specific intention to murder or maim the person assaulted" is calculated to mislead the jury, and is erroneous.

4. *Provocation; what not sufficient to deprive assault of felonious character.* — Sudden passion upon adequate provocation may deprive an assault of its felonious character; but mere passion not suddenly aroused by sudden affray in which the accused was not the aggressor, will not deprive an assault, with a deadly weapon, of its felonious character.

APPEAL from Circuit Court of Limestone.

Tried before Hon. W. B. WOOD.

Appellant, Elijah Allen, was convicted on an indictment charging him with assaulting Cyrus Edwards with the intent to murder or maim him. There were two counts, one averring and the other not stating the instrument with which the assault was made.

The facts developed in the trial showed that defendant and prosecutor were brothers-in-law living in the same house. While prosecutor was absent one day defendant quarrelled with prosecutor's wife. Some words passed about it, and prosecutor having picked up an axe, as he said, to keep defendant from getting it, his wife took it away. Defendant, who had gone round the house, in the mean time got an axe, and came up behind the prosecutor, who then ran around the house pursued by defendant, who finally threw the axe at prosecutor, inflicting a severe wound on the back of the head.

The defendant requested the following charges: " 1. That there must have been a deliberate, specific intention to murder or maim Edwards, upon whom the assault was committed" [before defendant could be convicted]. 2. That there are no presumptions or inferences as to the specific intent in cases of assault with intent to murder or maim. 3. That before the

[Allen v. State.]

jury can convict the defendant, they must believe that in the act charged he acted coolly, without passion; and that if there is passion or excitement proven to the satisfaction of the jury, under the impulses of which defendant acted, they must acquit of the charge to murder or maim." The court refused these charges, and the defendant duly excepted.

The verdict of the jury was as follows: " We, the jury, find the defendant guilty of an intent to maim." Afterwards the defendant moved in arrest of judgment " on the ground that under the verdict of the jury the defendant has been and is acquitted of said charge."

This motion was overruled, and the defendant sentenced to three years' imprisonment in the penitentiary.

The refusal to give the charges requested, and the overruling of the motion in arrest of judgment, are now assigned as error.

McClellan & McClellan, for appellant. — The specific intent to murder or maim must have existed. The assault must have been deliberate. 28 Ala. 695 ; Cabbell v. The State, 46 Ala. 199. The design to take life or maim must be proved. 3 Greenleaf, §§ 14, 15. The crime charged cannot be committed by one in such a passion as to be incapable of forming the specific intent. The verdict of the jury does not support the conviction. Having " an intent to maim " is no offence against the law. The finding of the jury is an acquittal of the charge of the assault. The jury having it in their power to pass on defendant's guilt, and having been discharged after rendering the void verdict, defendant can never again be put in jeopardy. This court should order his discharge. Bell & Murry v. The State, 48 Ala. 693 ; Grogan v. State, 44 Ala.

Jno. W. A. Sanford, Attorney General, contra.

BRICKELL, C. J. — When the jury return into court with a verdict, it is not a matter of course to receive it in the form in which it is rendered. It is the duty of the court, and of the prosecuting officer, to look after its form and substance, so far as to prevent an unintelligible, or a doubtful, or an insufficient verdict from passing into the records of the court, to create embarrassments afterward and perhaps the necessity of a new trial. The court should require the jury, by their verdict, to pass upon the whole indictment, in such form of words as shall constitute a sufficient finding in point of law, or, if they refuse, decline altogether to accept the verdict. If the court and solicitor had taken the precaution to examine into the form of this verdict, and the court had required the jury,

[Allen *v.* State.]

in intelligible language, to express the extent of their finding, there would not have been, as there ought not to have been, any necessity for this adjudication. 1 Bish. Cr. Pr. § 832.

The indictment against the appellant contains two counts, charging an assault with intent to murder or to maim. The first count does not state with what instrument, if any, the assault was made; the second charges it to have been made with an axe. The jury returned a verdict of guilty of intent to ˉmaim. Because of the insufficiency of the verdict the appellant moved in arrest of judgment, but the motion was overruled, and judgment rendered sentencing him to imprisonment in the penitentiary for the term of three years. The verdict was a mere nullity, and should not have been received. It finds only a part of the issue the jury were empanelled to try. Only one ingredient of the offence imputed to the appellant, — an ingredient which must be attended by an act before it would be the subject of punishment. The mere intent to commit a crime, which is not evinced by an attempt at its commission, cannot be made the basis of a judgment in a criminal prosecution. The jury were bound to find whether the criminal intent they impute to the defendant had been shown by the criminal attempt at execution charged in the indictment. If it was, they should have pronounced him guilty of an assault with intent to maim, as charged in the indictment, and not guilty of an assault with intent to murder. If there was the criminal intent only, and not the criminal attempt at its consummation imputed by the indictment, they should have rendered a verdict of not guilty. The court should have refused to receive the verdict, and have instructed the jury to retire and find the whole matter in issue submitted to them. The judgment of the court pronounced on this insufficient finding must be reversed, and the cause remanded, that a new trial may be had on the indictment, as if that finding had never been returned into court. *Scitz* v. *State*, 23 Ala. 42; *Clay* v. *State*, 43 Ala. 350; *Commonwealth* v. *Hatton*, 3 Grattan, 623; *State* v. *Phil*, 1 Stew. 31.

The several charges requested by the appellant were properly refused. They assert propositions which have no foundation in law. The first charge asserted that there must have been a deliberate, specific intention to maim or murder the person assaulted. No such words are used in the statute as descriptive of the criminal intent. *Moore* v. *State*, 18 Ala. 532. An intent to maim or murder, whether deliberate or formed on the instant ; whether it is specific or general; if directed against the person charged in the indictment to have been assaulted, is the criminal intent. It is difficult to conceive of a charge which has a more direct tendency to mislead

the jury than a charge of this character. The same remark is obviously true of the remaining charges. Passion may mitigate an unlawful homicide, when it is sudden and upon adequate provocation. It would also deprive an assault of felonious character under like circumstances. Mere passion, however, not suddenly aroused by a. sudden affray in which the accused was not the aggressor, cannot mitigate a homicide, or deprive an assault with a deadly weapon of its felonious character.

The judgment, for the error we have pointed out, must be reversed and the cause remanded, that a *venire facias de novo* may be awarded. The appellant must remain in custody until discharged by due course of law.