# Hardin *v.* The State.

### *Indictment for Carrying Concealed Weapons.*

1. *Evidence showing threatened or apprehended attack.*—Under an indictment for carrying concealed weapons (Code, § 4109), the defendant having proved, to establish the defense of a threatened or apprehended attack, that he had been forcibly seized by night, a few months before the time specified by the witness for the prosecution, by a party of armed men, some of whom resided in Alabama, and others in Georgia, and carried off to a distant place, where he was set at liberty after some judicial proceeding before a magistrate; and that the persons engaged in this attack, whose names were mentioned, and who resided near him, had declared that "they intended to take him and carry him off again, and that they would as soon shoot him as to shoot a hog," which threats were communicated to him ; it is permissible for him to further prove "that said parties were prowling through the country, armed, and without any employment, sometimes for a while in Georgia, dodging in and out of Alabama."

[Hardin v. The State.]

2. *Exceptions to charges given or refused.*—Exceptions to the rulings of the court below, in the matter of charges given or refused, will not be considered by this court, when the error complained of "was not so specified as to call the attention of the judge and the adverse counsel to the particular matter supposed to be injurious to the party excepting."

From the Circuit Court of Cherokee.
Tried before the Hon. JOHN HENDERSON.

No counsel appeared in this court for the defendant, so far as the record and dockets show; and there is no brief on file.

HENRY C. TOMPKINS, Attorney-General, for the State.

MANNING, J.—According to section 4109 of the Code of 1876, "any person who, not being threatened with, *or having good reason to apprehend an attack*, . . . carries concealed about his person a bowie-knife, or any other knife, or instrument of like kind or description, or a pistol, or firearms of any other kind or description, or an air-gun, must be fined, on conviction, not less than fifty, nor more than three hundred dollars, and may also be imprisoned," &c.; and according to section 4809, "the excuse, if any, must be proved by the defendant, to the satisfaction of the jury."

Appellant was indicted, and found guilty of the offense of carrying a pistol concealed about his person, contrary to law. The locality of the act was near the State line between Alabama and Georgia; and it was proved in his defense, that some months before appellant had been taken from his house, with threats and violence, after midnight, by a number of armed men, some residing in Alabama, and others in Georgia, and none of them having any "avocation or employment in the county," and was carried by them, hand-cuffed, and without any warrant of arrest, out of the State, to a railroad station, and thence by railroad to some place in the State of Alabama; where, it is to be inferred from the evidence, he was set free, after some sort of a hearing, by a magistrate of this State. It was further admitted by the State's attorney, as proved, that after appellant was so set free, his captors, whose names are set forth in the bill of exceptions, and who resided within a few miles of his residence, declared "that they intended to take the defendant, and carry him off again, and that they would as soon shoot the defendant as to shoot a damned hog;" notice of which threats was communicated to him. It was also in evidence, that they "were prowling through the country, armed, and without any employment, sometimes for a while in Georgia,

[Cross v. The State.]

dodging in and out of the State of Alabama." This latter evidence was, upon motion of the State's attorney, excluded from the jury, against the objection and exception of defendant.

The evidence excluded manifestly tended, if the jury should believe it true, to establish an excuse which the law allowed, for appellant's carrying a pistol concealed about his person; to-wit, that he had "good reason to apprehend an attack." It was not objected that the fact of prowling and dodging about, without employment, was not sufficiently proved by legal testimony; but the evidence appears to have been ruled out on the ground, that the circumstances proved were not relevant. In this we think the circuit judge erred.

We do not pass upon the question, whether there was error or not in the charges of the circuit judge to the jury, or in his refusals to charge as requested; because, in some respects, they were certainly not erroneous; and in those in which there may be error, it was not so specified as to call the attention of the judge and the adverse counsel to the particular matter in the charges or refusals to charge, which was supposed to be injurious to defendant.

Let the judgment be reversed, and the cause remanded.