| 92 | 33 |
|----|-----|
| 96 | 106 |
| 97 | 64 |

# Newton v. The State.

*Indictment for Assault with Intent to Murder.*

1. *Threats against corporation, or its employees.*—The defendant being indicted for an assault with intent to murder a railrord employee, whom she shot at while engaged in loading a car with dirt from an embankment which she claimed was on her land, it is competent for the prosecution to prove her threats against the railroad company or any person who attempted to dig or move dirt from the embankment.

2. *Assault with intent to murder; shooting at alleged tresspasser, under claim of ownership; charges to jury.*—Where the defendant is charged with an assault to murder one J., a railroad employee, whom she shot at while loading a car on the railroad track with dirt from an embankment near her house, and which she claimed was on her land, a charge which instructs the jury that, if J. was at the time standing on the railroad track, he was not a trespasser, and they can not consider the defendant's alleged ownership of the land, either to reduce the grade of the offense, or to mitigate the punishment; or, that if she shot at J. with a gun which was loaded, and he was within the distance the gun would carry, she can not be acquitted altogether; or, that the defendant's claim of ownership, and the fact that J. was a trespasser, would not authorize a verdict of acquittal, and could only be considered in mitigation of the fine for an assault and battery,—each asserts a correct legal proposition.

3. *Charge requiring explanation.*—A charge which, though confused, or tending to mislead, asserts a correct legal proposition, and might be rendered clear by an explanatory charge, is not a reversible error.

3

[Newton v. The State.]

From the City Court of Montgomery.

Tried before the Hon. Thos. M. Arrington.

The appellant, Nancy E. H. Newton, was indicted and tried for an assault with intent to murder one John Jackson; was convicted of an assault and battery, and fined $500. On. the trial, as as is shown by the bill of exceptions, after fixing the proper time and venue, the State introduced evidence tending to show that the defendant shot at the said John Jackson with a gun loaded with bird shot; that said Jackson was in.the employ of the Alabama Midland Railway Company, and was, at the time he was shot at, engaged in coupling a car of the said road, which car was standing on the track of said road; that the track was owned at the time by the railroad company; that a few shot lodged in the hat of Jackson; that said car was loaded with dirt, taken from the embankment of the railroad company, about 50 or 60 feet from the house of the defendant; but was claimed by the defendant as her dirt—it having been taken, as alleged by her, from an embankment on her land; that the defendant was from 40 to 60 feet from Jackson at the time of the shooting; and that the dirt was not taken from the land of defendant, nor was said car standing on her land. The testimony of the defendant tended to show that, after loading the gun with a small charge of powder and shot, she went to the railroad cut, and fired in the direction of the car; that she had often warned persons not to dig under her embankment, as it endangered her house; that she claimed the land upon which the car was standing, and from which the dirt was taken; that she did not shoot at said Jackson, and did not see him. The State's .attorney then asked the defendant, "Did she make any threats against the Ala. Mid. Railway Co. ?" to which the defendant answered, that she did threaten to shoot any person who dug under her embankment, or removed dirt therefrom. The defendant objected to this question and answer, and duly excepted to the overruling of her objection.

On all the evidence, the court, at the request of the State, gave the following written charges : (1.) "If the jury believe from the evidence, beyond a reasonable doubt, that John Jackson, at the time of the alleged shooting, was standing on a railroad track, and that said track was in the possession of the Ala. Mid. Railway Co., then said Jackson was not a trespasser, on the property of the defendant, Mrs. Newton, and the testimony as to her alleged ownership of the land can not be considered, either to reduce the grade of the offense, or to mitigate the punishment thereof." (2.) "If the defendant shot at John Jackson with a gun, she can not be acquitted

altogether, if said gun was loaded, and said Jackson was within the distance the gun would carry." (3.) "If the jury believe beyond a reasonable doubt, from the evidence, that in this county, and in December last, the defendant unlawfully and with malice aforethought assaulted John Jackson with the intent to murder him, and until they have determined that no assault with intent to murder was committed, the jury have no right to consider any of the evidence that has been admitted, as to any claim of the defendant to be the owner of the property involved; and the fact that she was the owner, and the fact that John Jackson, the person assaulted, was a trespasser, if these be facts, can not be considered by them, unless and until they determine that the defendant was guilty of an assault and battery merely, and then only in mitigation or extenuation of the fine they are permitted to impose, and in no event can these facts authorize the jury to find a verdict of not guilty."

The defendant excepted to the giving of each of these charges; and also excepted to the refusal to give the following charge asked by her: "If the jury believe from the evidence that the gun was presented, and shot in the direction of a railroad car, but with no specific intent to take life, or do great bodily harm to any human being, and a few bird shot accidently struck the hat of John Jackson, and that the purpose of the shooting was merely to frighten and alarm persons whom the defendant had reasonable grounds to believe were trespassing upon her property, endangering the safety of her home, then she can not be convicted under this indictment.

John G. Finley, for appellant, cited *Ogletree v. State*, 28 Ala. 700; *Eiland v. State*, 52 Ala. 333; *Peterson v. State*, 74 Ala. 34; *Hughes v. Anderson*, 68 Ala. 280.

Wm. L. Martin, Attorney-General, for the State,

WALKER, J.—There was evidence tending to show that the defendant shot at Jackson, an employé of the Alabama Midland Railway Company, while he was engaged on said railway in coupling a car which was loaded with dirt claimed by the defendant. It is a matter of common knowledge, that the business of railroad companies is conducted by their employés. If threats are made against such a company, it is for the jury to determine from the character of the threats whether the employés of the company come within their scope. The company and its employés are, in a measure, identified, and the carrying out of a threat against the company, may necessarily involve

peril to, or an assault upon its employès.    An assault upon an employè may be explained, and the motive and intention of the assailant made plain, by proof of various threats against the company.    In this view, it was competent to prove defendant's threats against the railroad company; and it was for the jury to determine whether or not Jackson, the employè, should be regarded as referred to by the threats, or as within the range thereof.    *Ford v. The State*, 71 Ala. 385; *Jones v. State*, 76 Ala. 8.    The threats testified to by the defendant, in response to the question, were clearly admissible against her, and the propriety of the question is illustrated by the answer to it.

Nothing is suggested against the first charge given by the trial court, nor is any fault discovered therein.    In view of the evidence, the giving of the second charge was proper.    There was no evidence tending to show that the defendant's act in shooting the gun was justifiable, on any consideration of self-defense, or because of other legal excuse.    On the proof, the defendant could not have been entitled to an acquittal, if she shot at Jackson as predicated in the charge.    The statements in the premises of the third charge given were not improper, when referred to the evidence before the jury.    The main proposition contained in that charge is to the effect, that the facts that the defendant claimed or had title to the land upon which Jackson was at the time of the shooting, and that he was a trespasser thereon, would not authorize the jury to find a verdict of not guilty.    If, by reason of the language in which the charge was couched, it was regarded as not clearly expressing the proposition therein contained, and as liable to mislead the jury, the defendant should have sought the correction of such misleading tendency by requesting an explanatory charge. The giving of a charge which is faulty only in the sense of calling for an explanation to clear away all ambiguity, is not a reversible error, unless it is made to appear that the defendant was prejudiced thereby.—*Blackburn v. The State*, 86 Ala. 595.

The charge requested by the defendant was properly refused. Obedience to that charge would have required the jury to acquit, though they should find from the evidence that the defendant, without legal excuse, shot in the direction of Jackson, who was in full view of and seen by her, and was in range of the shot.

Affirmed.