# Smith v. The State.

## *Indictment for Murder.*

1. *Murder; passion aroused by words.*—Passion aroused by mere words can not reduce homicide below the offense of murder in the second degree.

2. *Charge to the jury; properly refused when ignoring lower degrees of homicide under an indictment for murder in the first degree.*—An indictment for murder in the first degree includes all degrees of homicide; and on a trial under an indictment for murder in the first degree, a charge that instructs the jury that, if the killing was done under the heat of passion, defendant could not be found guilty "as charged in the indictment," is properly refused, as ignoring the lower degrees of homicide included in such indictment.

3. *Same; omission of all inquiry as to who was the aggressor.*—Where, on a trial under an indictment for murder in the first degree, the evidence tended to show that the homicide was committed in the heat of passion aroused by mere words, a charge, that if the killing was done by defendant "while in a great passion, not having sufficient time for his blood to cool, then he is not guilty of murder in the first degree," is properly refused, because it omits all inquiry as to whether the defendant or deceased was the aggressor in the altercation in which defendant's passion was aroused.

4. *Same; should not assume that there was cooling time.*—Where, on a trial for murder in the first degree, the evidence showed that, after the passion engendering words of deceased were uttered, the defendant went a hundred or more yards to his house, got his gun, and returned to where the deceased was, and there shot him, a charge, that if the killing was done when defendant was "in a great passion, not having sufficient time for his blood to cool, then he is not guilty of murder in the first degree," is properly refused, because it assumes that there had not been a sufficient time for defendant's passion to cool.

5. *Same; passion without reasonable cause.*—A passion without reasonable cause, and immaterially excited, is not such a passion as the law takes into account in determining whether a homicide is murder in the first or second degree; and charges to the jury that assume the reasonable sufficiency of words used by deceased to excite passion that would reduce the homicide to murder in the second degree are properly refused.

APPEAL from the City Court of Montgomery.
Tried before the Hon. THOMAS M. ARRINGTON.

The appellant was indicted, tried and convicted for the murder of Charles Pickett, and was sentenced to be hanged.

The testimony for the State tended to show, that upon the deceased, who was in his field in front of the house of the defendant, calling to the defendant to come and let him show defendant where his, defendant's, hogs had destroyed some of the crop of the deceased, the defendant went down to where the deceased was standing; that they became engaged in a dispute, as to whether or not it was the defendant's hogs that had destroyed the crop, and that upon the deceased saying that his daughter had told him that it was the defendant's hogs, he applied opprobrious epithets to the the deceased's daughter, and also cursed the deceased. The deceased replied "you are another;" that thereupon the defendant told the deceased that if he would wait until he went to his house, which was about 100 yards off, and got his gun, that he would come back and kill the deceased; that the deceased remained in his field while the defendant ran to his house, got his gun, and on coming back again cursed the deceased, and dared him to "call him another" again; that upon the deceased saying, "you are another," the defendant shot and killed him.

The testimony for the defendant tended to show that when he said to him that his daughter had told him a lie, the deceased cursed him; that thereupon he, the defendant, said that he "did not want a fuss," but that deceased continued to curse him, and advanced on him with a knife; that he retreated until near his house, where he went, got his gun, and as he came out of his yard with it, the deceased continued to advance upon him with the knife, whereupon "he stopped him," by shooting him.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury find from the evidence that at the time Hilliard Smith killed Charles Pickett he acted under the heat of passion, and not having had time for his blood to cool, they can not find the defendant guilty of murder." (2.) "If the jury believe from the evidence that deceased brought on the difficulty and so much enraged this de-

[Smith v. The State.]

fendant, and while still under the heat of such passion the defendant killed deceased, then they can not find the defendant guilty as charged in the indictment." (3.) "If the jury find that Hilliard Smith took the life of Charles Pickett while in a great passion, not having sufficient time for his blood to cool, then he is not guilty of murder in the first degree." (4.) "If the jury find the killing was done in the heat of blood, although with a deadly weapon, yet if there be no evidence of previous malice, formed design, or such evidence of deliberation as to show that reason held sway, then this is not murder as charged in the indictment." (5.) "If the jury find from the evidence the homicide was committed in the undue resentment of an insult offered, if done in the heat of blood caused tnereby, before cooling time had supervened, and without any previous formed design, it can not be murder, and the jury can not so find." (6.) "Though the jury may find the provocation for the killing not such as to excuse the offense, yet, if they also find that it was such as to throw, and did throw, this defendant, Hilliard Smith, into such a heat of passion that he killed the deceased, and · that at the time he did the killing he was still ruled and swayed by such passion, then they can not find the defendant guilty of murder."

CLARK & THOMAS, for appellant, cited *Ex parte Sloane*, 95 Ala. 23 ; *Gibson v. State*, 89 Ala. 127 ; *Brown v. State*, 83 Ala. 33 ; *McDaniel v. State*, 76 Ala. 1 ; *Judge v. State*, 58 Ala. 409.

TENNENT LOMAX, for Attorney-General, for the State, cited *Fariss v. State*, 85 Ala. 1 ; *Watson. v. State*, 82 Ala. 12 ; *Mitchell v. State*, 60 Ala. 26 ; *Richardson v. State*, 54 Ala. 158.

McCLELLAN, J.—Hillard Smith killed Charles Pickett by shooting him with a gun. The evidence for the defendant, his own, tends to show that he shot in the heat of passion. The evidence for the State tends to show that there was no provocation for defendant's passion, except mere words spoken to him by the deceased in response to words of like abusive character first addressed by the defendant to the deceased. On these tendencies of the evidence the jury might have found that

the mortal wound was inflicted in the heat of passion engendered by mere words alone. So finding, the necessary effect of charges 1, 2, 4, 5 and 6, requested by the defendant would have been to authorize the jury to return a verdict of guilt of a lower degree of homicide than murder in the second degree ; and each of said charges were, therefore, bad on this, as well as, perhaps, on other, grounds ; since no principle in our criminal jurisdiction is more firmly established than that passion aroused by mere words cannot reduce homicide below the offense of murder in the second degree.—*Mitchell v. The State*, 60 Ala. 26 ; *Nutt v. The State*, 63 Ala. 180 ; *Ex parte Brown*, 65 Ala. 446 ; *Roberts v. State*, 68 Ala. 156 ; *Martin v State*, 77 Ala. 1 ; *Watson v. State*, 82 Ala. 10 ; *Holmes v. State*, 88 Ala. 26 ; *Ex parte Sloane*, 95 Ala. 22.

2. The indictment in this case charged not only murder in the first degree, but also murder in the second degree and all other grades of homicide. Charges, therefore, which were perhaps intended to declare that on certain postulates the jury could not convict the defendant of murder in the first degree, but which in terms declared that they could not convict him as charged in the indictment, (charge 2 for instance), or which assumes that murder in the second degree "is not murder as charged in the indictment," the postulates justifying, it may be conceded, the conclusion as to murder in the first degree, but having no bearing upon any lower degree of homicide, were essentially confusing and misleading. This is an additional reason for the refusal of charges 2 and 4 requested by the defendant.—*Horn v. State*, 98 Ala. 23; *Bland v. State*, 75 Ala. 574 ; *Jones v. State*, 96 Ala. 102 ; *Lundy v. State*, 91 Ala. 100.

3. All the charges refused to the defendant, moreover,—that numbered 3, as well as others to which we have before referred,—were bad for the reason that they omit all inquiry as to whether the defendant or the deceased was the aggressor in the altercation, in which the words of abuse, which, on one aspect of the evidence, constituted the sole provocation for the defendant's passion, were employed. And this omission of the charges is especially pernicious in view of the fact that the evidence is substantially without conflict to the imputation of fault and aggression to the defendant in that connection.—*Allen v. State*, 52 Ala. 391; *Jones v. State*, 96 Ala. 102.

4. Charge 3 is bad also for another reason : The evidence is without conflict or adverse inference to the effect that after the alleged passion engendering words of the deceased had been uttered, the defendant went off to his house, an hundred or two yards away, got his gun and came with it out of his house and the curtilage thereof, back to where the deceased was, and, according to the State's evidence, had all the while remained, and there shot him. This charge assumes, in necessary effect, that all this time was not sufficient for the defendant's passion to cool ; and for this it was properly refused.

5. And this, as also charges 2 and 4, if we are to consider the latter as intended to assert that words may provoke such passion as will reduce homicide from murder in the first to murder in the second degree, are bad in that they each assumes the reasonable sufficiency of the language employed by the deceased to excite mitigating passion in the defendant, when so far as that passion being justified, the court might well have instructed the jury as a matter of law that the words shown by the State's evidence, at least, did not constitute provocation for any mitigating passion on the part of the defendant, and if they found no other provocation for passion than the words which that aspect of the evidence tended to show, it was wholly immaterial whether the defendant's passions were in point of fact excited or not. A passion thus without reasonable cause and immaterially excited is not a passion which the law takes into account in determining whether the homicide is murder in the first or second degree.—9 Amer. & Eng. Encyc. of Law, pp. 579-80 ; *Flanagan v. State*, 46 Ala. 703.

Affirmed.

*Indictment for Murder.*

